Chief Judge Desmond.
The complaint demands an injunction and damages because of alleged violation by defendant of the New York State Fair Trade Law (General Business Law, art. XXIV-A) in that defendant, it is alleged, sold below fair traded prices whiskeys on which plaintiff owned the brand names and as to which price maintenance agreements were in effect. Defendant, operator of a retail liquor store in Manhattan, did not deny the making of these illegal sales but for reasons hereafter explained opposed the grant to plaintiff of a temporary injunction. In April, 1965 Special Term denied the injunction, while there was pending in the courts the case of Seagram & Sons v. Hostetter wherein we later on (July, 1965, 16 N Y 2d 47) upheld section 101-b of the Alcoholic Beverage Control *15 Law which, among other things, requires the filing by manufacturers and distributors of schedules showing the lowest prices at which the alcoholic beverage was sold anywhere in the country by a manufacturer or wholesaler during the preceding month and forbids sales by them in this State at higher prices.
The Appellate Division unanimously reversed Special Term on the law and the facts, granted a temporary injunction against violating the State Fair Trade (Feld-Crawford) Law and granted defendant leave to appeal to this court, certifying questions as to the power of the Appellate Division to grant such a temporary injunction.
Defendant’s position is: that while defendant is indeed violating the State Fair Trade Law (General Business Law, art. XXIV-A) by selling plaintiff’s brand name liquors below legally fixed fair trade prices, nevertheless plaintiff, because it is not complying with a different statute — section 101-b of the Alcoholic Beverage Control Law—should be denied an injunction. It might be said that this argues a question of discretion only, not one of law, since it is undisputed that defendant is violating the “ Feld-Crawford ” or Fair Trade Law and that injunctive relief is, therefore, appropriate. However, since the Appellate Division has certified questions of law we will treat the appeal as presenting a question of law, i.e., as to whether the presence on the statute books of section 101-b, which is not being complied with, is some sort of a legal bar to enjoining defendant’s conceded fair trade violations.
Defendant’s argument against the validity of the injunction is based entirely on defendant’s contention that plaintiff cannot have such relief since plaintiff itself is in violation of section 101-b of the Alcoholic Beverage Control Law which was upheld by this court in Seagram & Sons v. Hostetter (16 N Y 2d 47, supra, probable jurisdiction noted 34 USLW 3182, Nov. 23,1965). Seemingly, this argument represents an attempt to bring into the case the equitable rule or maxim that " he who comes into equity must come with clean hands ”. We hold that this doctrine, whatever may be the limits of its vague coverage, cannot apply here — and this for a number of reasons. In the first place it is never used unless the plaintiff is guilty of immoral, unconscionable conduct and even then only " when the conduct relied on is directly related to the subject matter in *16 litigation and the party seeking to invoke the doctrine was injured by such conduct (Green v. Le Beau, 281 App. Div. 836; 2 Pomeroy on Equity Jurisprudence [5th ed.], § 399, p. 99) ” (Weiss v. Mayflower Doughnut Corp., 1 N Y 2d 310, 316; see 32 Boston U. L. Rev. 66 et seq.). Plaintiff is committing no wrong at all since it is merely proceeding under a statute which authorizes the granting to it of injunctive relief in just such a situation as this — the violation of a subsisting fair trade agreement. As to relation to the “ subject matter in litigation ” we point out that defendant’s wrong is in the deliberate violation of a fair trade agreement as to certain brands of intoxicating liquor while all the defendant accuses plaintiff of is a failure to lower its New York sale prices to wholesalers under a statute which is concededly not now in effect.
The simple fact is that plaintiff is not violating section 101-b of the Alcoholic Beverage Control Law. The scheme of that statute (see subd. 3) is that wholesale prices of liquor in New York State shall be regulated according to schedules to be filed by producers and wholesalers showing the lowest price at which the particular liquor was sold anywhere in the United States during the preceding month and that sales to retailers in this State shall be at prices no higher than those lowest prices elsewhere. But this statutory plan is not self-operative since subdivision 4 of section 101-b says plainly that such schedules are to be filed “ona date to be fixed by the authority It is undisputed that the State Liquor Authority has never fixed such a date. It is the undisputed fact also that after we decided Seagram & Sons v. Hostetter (16 N Y 2d 47, supra), a Justice of the United States Supreme Court granted a stay which is still in effect and which specifically restrains both the State Liquor Authority and the State Attorney-General from requiring compliance with section 101-b.
Thus we have it that the Feld-Crawford Fair Trade Law is in full effect in this State as to alcoholic liquors and that defendant is concededly violating it but that section 101-b of the Alcoholic Beverage Control Law has, because of its terms and because of stays, never gone into effect.
The order appealed from should be affirmed, with costs, the first certified question answered in the affirmative and the second certified question answered in the negative.