■ JONARD INDUSTRIES CORP., Appellant, v JERICO PRECISION MANUFACTURING CORP. et al., Respondents. — In an action seeking, *inter alia,* money damages and equitable relief arising from the theft of trade secrets, plaintiff appeals from so much of an order of the Supreme Court, Westchester County, entered August 18, 1980, as, upon reargument, adhered to that portion of its order dated May 20, 1980 which denied plaintiff's motion for a

protective order, *inter alia,* against discovery of its records of purchase and resale of articles manufactured outside of the United States for the years 1970 through 1980. Plaintiff, in its brief, purports to appeal from so much of (1) an order of the Supreme Court, Westchester County, dated June 30, 1980, as denied its motion to dismiss defendants' affirmative defense; and (2) the order dated May 20, 1980 as denied its motion for a protective order against discovery of its income tax returns for the years 1975 through 1980. Purported appeals from the orders dated June 30, 1980 and May 20, 1980 dismissed, without costs or disbursements, for failure to file a timely notice of appeal (CPLR 5513, subd [a]; 5515). Order entered August 18, 1980 modified so as to grant a protective order against discovery of plaintiff's records relating to the purchase and resale of articles manufactured outside the United States for those years prior to 1975. As so modified, order affirmed insofar as appealed from, without costs or disbursements. The examination shall proceed in accordance with the order dated May 20, 1980, at a time to be fixed in a written notice not less than 10 days, to be given by defendants, or at such other time and place as the parties may agree. Defendants seek discovery of plaintiff's records relating to the purchase and resale of foreign-manufactured articles during the years 1970 through 1980 in order to support the affirmative defense of "unclean hands" based upon their contention that plaintiff had engaged in certain pricing violations. Inasmuch as the successful assertion of this defense depends in part upon proof that the alleged wrongful conduct had actually injured the complaining party (see *National Distillers & Chem. Corp. v Seyopp Corp.,* 17 NY2d 12, 15-16) and the individual defendants in the case at bar had not left plaintiff's employ until 1977, any alleged pricing violations committed by plaintiff prior to 1975 would be too remote to bear upon the defense. To this extent, plaintiff's motion for a protective order should have been granted. In so holding, we do not pass upon the question of whether the affirmative defense was properly interposed under the facts at bar due to plaintiff's failure to file a timely notice of appeal from that order which denied its motion to dismiss the defense (see CPLR 5513, subd [a]; 5515). Mollen, P. J., Hopkins, Titone and Weinstein, JJ., concur.