■ 39 COLLEGE POINT CORP., Appellant, v TRANSPAC CAPITAL CORP., Respondent, et al., Defendants. [802 NYS2d 733]—

In an action pursuant to RPAPL article 15 for a judgment declaring a mortgage null and void, the plaintiff appeals from an order of the Supreme Court, Queens County (Dorsa, J.), dated October 7, 2004, which denied its motion, inter alia, for summary judgment declaring that the subject mortgage is null and void.

Ordered that the order is affirmed, with costs.

A certificate of acknowledgment attached to an instrument such as a mortgage raises the presumption of due execution, which presumption, in a case such as this, can be rebutted only after being weighed against any evidence adduced to show that the instrument was not duly executed (*see Lum v Antonelli*, 102 AD2d 258, 260-261 [1984], *affd* 64 NY2d 1158 [1985]; *see also Albin v First Nationwide Network Mtge. Co.*, 248 AD2d 417, 418 [1998]). A certificate of acknowledgment should not be invalidated on evidence of doubtful character, such as unsupported testimony of an interested witness (*see Republic Pension Servs. v Cononico*, 278 AD2d 470, 472 [2000]). Here, the plaintiff failed to make a prima facie showing sufficient to rebut the presumption of due execution, and thus its motion for summary judgment was properly denied (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Albin v First Nationwide Network Mtge. Co., supra*; *see also* Executive Law § 137; Real Property Law § 312 [2]; *Matter of Caputo*, 266 AD2d 538 [1999]).

We further note that there are issues of fact as to whether the person who executed the promissory note secured by the subject mortgage on the plaintiff's behalf lacked the actual or apparent authority to do so (*see 39 Coll. Point Corp. v Transpac Capital Corp.*, 12 AD3d 664 [2004]).

The plaintiff's remaining contentions are without merit. H. Miller, J.P., Adams, Spolzino and Fisher, JJ., concur.