■ SEGUNDO JARA et al., Plaintiffs, and CARLOS HUERTA, Respondent, v STRONG STEEL DOOR, INC., et al., Appellants, et al., Defendants. [871 NYS2d 363]—

In an action, inter alia, to recover damages for breach of contract, the defendants Strong Steel Door, Inc., and David Wei appeal from so much of an order of the Supreme Court, Kings County (Demarest, J.), dated September 12, 2007, as denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff Carlos Huerta against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendants Strong Steel Door, Inc., and David Wei (hereinafter together Strong Steel Door) entered into several contracts with different municipalities for the performance of construction work. For that purpose, Strong Steel Door hired the plaintiff Carlos Huerta. Prior to doing so, Strong Steel Door requested that he provide documentation of his eligibility to work in the United States. Huerta complied by producing an alien registration card and Social Security card. Subsequently, Huerta's employment was terminated and, as a result, he, and others similarly situated, commenced this action seeking payment of a prevailing wage in accordance with Strong Steel Door's public works contracts. Meanwhile, Strong Steel Door learned that Huerta had provided false documentation, a fact which he does not dispute. Strong Steel Door moved, inter alia, for summary judgment dismissing the complaint insofar as asserted by Huerta against it and the Supreme Court denied that branch of its motion.

Strong Steel Door does not contend that because Huerta violated provisions of the Immigration Reform and Control Act (hereinafter IRCA) (*see* 8 USC § 1324a *et seq.*) he is, in accordance with *Hoffman Plastic Compounds, Inc. v NLRB* (535 US 137 [2002]), precluded from recovering damages. Instead, Strong Steel Door contends that Huerta entered into an illegal contract which renders it unenforceable as a matter of New York law. Additionally, it contends that Huerta's unclean hands preclude him from recovering in equity. We disagree.

As a general rule, illegal contracts are unenforceable (*see e.g. Lloyd Capital Corp. v Pat Henchar, Inc.,* 80 NY2d 124, 127 [1992]). However, contrary to Strong Steel Door's contention, neither the contract at issue nor the work Huerta performed was illegal (*see Majlinger v Cassino Contr. Corp.,* 25 AD3d 14, 24 [2005] ["As between the undocumented worker and the employer, however, there is a contract of employment, under which the worker is entitled to be paid for his or her work"], *affd sub nom. Balbuena v IDR Realty LLC,* 6 NY3d 338, 361 [2006] ["Although recoveries have been denied to parties who have engaged in illegal activities, in those cases it was the work being performed that was outlawed, whereas here, the construction work itself was entirely lawful"] [citations omitted]; *see also Matter of Sackolwitz v Hamburg & Co.,* 295 NY 264, 268 [1946]; *Noreen v Vogel & Bros.,* 231 NY 317 [1921]; *cf. Spivak v Sachs,* 16 NY2d 163, 168 [1965]; *Harris v Economic Opportunity Commn. of Nassau County,* 171 AD2d 223 [1991]).

Nor is Strong Steel Door entitled to summary judgment dismissing Huerta's alternative claims for equitable relief under theories of unjust enrichment and quantum meruit. "The doctrine of unclean hands applies when the complaining party shows that the offending party is guilty of immoral, unconscionable conduct and even then only when the conduct relied on is directly related to the subject matter in litigation and the party seeking to invoke the doctrine was injured by such conduct" (*Columbo v Columbo,* 50 AD3d 617, 619 [2008]; *see National Distillers & Chem. Corp. v Seyopp Corp.,* 17 NY2d 12, 15-16 [1966]). Here, Strong Steel Door was not injured by Huerta's production of false documentation, as it received bargained-for labor (*see Fade v Pugliani/Fade,* 8 AD3d 612, 614 [2004]; *390 W. End Assoc. v Baron,* 274 AD2d 330, 332-333 [2000]).

Finally, Strong Steel Door failed to satisfy its prima facie burden of establishing that it did pay Huerta a prevailing wage, which requires the denial of its motion regardless of the sufficiency of the opposing papers (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]).

Accordingly, the Supreme Court properly denied that branch of Strong Steel Door's motion which was for summary judgment dismissing the complaint insofar as asserted by Huerta against it. Prudenti, P.J., Carni and Belen, JJ., concur.

Fisher, J. (concuring in the result and votes to affirm the order insofar as appealed from, with the following memorandum in which McCarthy, J., concurs). The plaintiff Carlos Huerta does not contend that he was not paid for work he performed for the defendants Strong Steel Door, Inc., and David Wei (here-

inafter together Strong Steel Door). Instead, he contends that, pursuant to its construction contracts with several municipalities, Strong Steel Door was required to pay its workers the prevailing wage, together with certain benefits and overtime pay, but that it did not make such payments to him. I agree that the Supreme Court properly denied that branch of Strong Steel Door's motion which was for summary judgment dismissing the complaint insofar as asserted by Huerta against it because, as a threshold matter, there are triable issues of fact as to whether Strong Steel Door was actually induced to offer Huerta employment in the first instance as a result of his admitted production of a forged alien registration card as well as a forged Social Security card. If so, Huerta cannot prevail in this action (*see Coque v Wildflower Estates Dev.*, 58 AD3d 44 [2008]). Moreover, even if Strong Steel Door was not so induced, there remain questions of fact as to whether Strong Steel Door did in fact pay Huerta the required prevailing wage together with benefits and overtime. Accordingly, I vote to affirm the order insofar as appealed from. [*See* 16 Misc 3d 1139(A), 2007 NY Slip Op 51755(U).]