■ FIRST NATIONAL BANK OF NEVADA, Respondent, v ROBERT KEITH WILLIAMS et al., Defendants, and EVELYN A. GAY, Also Known as A. GAY EVELYN, Appellant. [904 NYS2d 707]—

In an action to foreclose a mortgage, the defendant Evelyn A. Gay, also known as A. Gay Evelyn, appeals, as limited by her brief, from stated portions of an order of the Supreme Court, Queens County (Lane, J.), dated October 28, 2009, which, inter alia, granted the plaintiff's motion for summary judgment on the complaint insofar as asserted against her and, in effect, denied, as academic, her cross motion to consolidate the instant action with an action to set aside the mortgage on the ground of fraud, entitled *Evelyn v Williams*, pending in the Supreme Court, Queens County, under index No. 28012/04.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the plaintiff's motion for summary judgment on the complaint insofar as asserted against the defendant Evelyn A. Gay, also known as A. Gay Evelyn, is denied, and the cross motion to consolidate the instant action with an action entitled *Evelyn v Williams*, pending in the Supreme Court, Queens County, under index No. 28012/04, is granted only to the extent of directing that the two actions be tried jointly.

The defendant Evelyn A. Gay, also known as A. Gay Evelyn (hereinafter the appellant), is the administratrix of the estate of Kathy Briggs, who owned certain real property (hereinafter the mortgaged property) prior to her death. In opposition to the plaintiff's prima facie showing of entitlement to judgment as a matter of law, the appellant submitted documentary evidence that a deed to the mortgaged property executed by a purported owner and mortgage debtor was void, and that the true owner of the mortgaged property was the estate of Kathy Briggs, who died on November 26, 2003. The mortgage debtor purportedly acquired the mortgaged property from Kathy Briggs pursuant to a deed dated March 22, 2004, and executed a note and mortgage on the mortgaged property that same day. The deed was purportedly executed on behalf of Kathy Briggs by Alfred St. Dic, her purported attorney-in-fact, pursuant to a durable power of attorney, which recites that it was executed on December 18, 2003. Since the power of attorney recites that it was executed by Kathy Briggs on a date subsequent to her death, there is a triable issue of fact as to the validity of the power of attorney and the deed purportedly executed pursuant to the power of attorney.

If a signature on a power of attorney is forged, the document executed by the purported attorney-in-fact pursuant to the power of attorney is void (*see Hoffman v Kraus*, 260 AD2d 435, 436 [1999]; *see generally Davis v Dunnet*, 239 NY 338, 339-340

[1925]). If documents purportedly conveying a property interest are void, they convey nothing, and a subsequent bona fide purchaser or bona fide encumbrancer for value receives nothing (*see Marden v Dorthy*, 160 NY 39, 48 [1899]; *GMAC Mtge. Corp. v Chan*, 56 AD3d 521, 522 [2008]; *Yin Wu v Wu*, 288 AD2d 104, 105 [2001]; *Kraker v Roll*, 100 AD2d 424, 430-431 [1984]). "A deed based on forgery or obtained by false pretenses is void ab initio, and a mortgage based on such a deed is likewise invalid" (*Cruz v Cruz*, 37 AD3d 754, 754 [2007]; *see Crispino v Greenpoint Mtge. Corp.*, 304 AD2d 608, 609 [2003]). Accordingly, the documents submitted by the appellant raised a triable issue of fact as to the validity of the mortgage, precluding the award of summary judgment to the plaintiff.

Further, since the issues in the instant action and the action entitled *Evelyn v Williams*, pending in the Supreme Court, Queens County, under index No. 28012/04, involve common questions of law and fact relating the validity of the mortgage, the two actions should be consolidated to the extent that they be tried jointly (*see* CPLR 602 [a]). Prudenti, P.J., Angiolillo, Balkin and Chambers, JJ., concur.