(January 24, 2012)

■ ABN AMRO MORTGAGE GROUP, INC., Appellant, v KAYANN STEPHENS et al., Respondents. [939 NYS2d 70]—

On August 29, 2005, a power of attorney was recorded in the Office of the City Register of the City of New York, in and for the County of Kings (hereinafter the City Register), purporting to authorize Bertram Brown to sell a parcel of real property on behalf of "Sally Manderville" (hereinafter the Brown power of attorney). On the same day, a deed was recorded with the City Register purporting to transfer the interest of "Sally Mander-

ville" in the subject property to Westport Marketing, Inc. (hereinafter Westport). Westport's purported interest was transferred to Hometech Building Corp. (hereinafter Hometech) by a deed recorded on November 18, 2005, and Hometech transferred its purported interest to the defendant Kayann Stephens by a deed recorded on July 24, 2006. Stephens purportedly mortgaged the subject property to the defendant Mortgage Lender's Network, USA, Inc. (hereinafter Mortgage Lender's). The plaintiff, ABN AMRO Mortgage Group, Inc., took a mortgage on the subject properly from another purported owner, Rachida Allam.

The plaintiff commenced this action on November 30, 2006, pursuant to RPAPL article 15. The plaintiff's first and second causes of action sought a judgment declaring that the Brown power of attorney was a forgery, that the defendants' interests in the property were null and void, and that its mortgage was valid pursuant to an unrecorded chain of title. The third cause of action sought cancellation of the defendants' deed and mortgage. In their answer to the complaint, the defendants asserted counterclaims alleging that the defendant Stephens was the lawful owner of the subject premises and that the defendant Mortgage Electronic Registration Systems, Inc., as nominee for Mortgage Lender's, held two valid mortgages on the subject property.

The plaintiff moved for summary judgment on the complaint and dismissing the defendants' counterclaims. In support of the motion, the plaintiff submitted evidence that Sally Mandeville moved from Brooklyn to South Carolina in February 2002, when she was approximately 77 years old, and was in an assisted care facility in South Carolina in December 2004, when the person purporting to be "Sally Manderville" signed the Brown power of attorney in Brooklyn. The plaintiff also submitted the affidavit of the notary public who acknowledged the Brown power of attorney stating that the "Sally Manderville" who came into his office with Brown was a woman in her forties.

Concerning its own interest in the subject property, the plaintiff submitted a power of attorney dated September 12, 2003, and signed by Sally Mandeville, which authorized Patrick A. Hallums Mitchell to act in her place, among other things, in real estate transactions. The power of attorney was acknowledged by a notary public. The plaintiff additionally submitted a deed, signed by Mitchell as Mandeville's attorney-in-fact, conveying Mandeville's interest in the subject property to Jolton Sanchez; a deed conveying Sanchez's interest to Rachida Allam; and a mortgage from Allam to the plaintiff. All three documents were dated November 19, 2003, and were acknowledged by a

notary public, although none was recorded with the City Register.

In opposition to the motion, the defendants did not defend the validity of the Brown power of attorney, but merely asserted that the plaintiff failed to establish the validity of its own interest in the property. The Supreme Court denied the plaintiff's motion. We reverse.

If a signature on a power of attorney is forged, any document executed by the purported attorney-in-fact pursuant to the power of attorney is void (*see First Natl. Bank of Nev. v Williams*, 74 AD3d 740, 741 [2010]; *Hoffman v Kraus*, 260 AD2d 435, 436 [1999]). If a document purportedly conveying a property interest is void, it conveys nothing, and a subsequent bona fide purchaser or bona fide encumbrancer for value receives nothing (*see First Natl. Bank of Nev. v Williams*, 74 AD3d at 741; *LaSalle Bank Natl. Assn. v Ally*, 39 AD3d 597, 600 [2007]; *Karan v Hoskins*, 22 AD3d 638, 639 [2005]; *Public Adm'r of Kings County v Samerson*, 298 AD2d 512, 513 [2002]; *Yin Wu v Wu*, 288 AD2d 104, 105 [2001]; *Kraker v Roll*, 100 AD2d 424, 430 [1984]). "A deed based on forgery or obtained by false pretenses is void ab initio, and a mortgage based on such a deed is likewise invalid" (*Cruz v Cruz*, 37 AD3d 754, 754 [2007]; *see First Natl. Bank of Nev. v Williams*, 74 AD3d at 741; *GMAC Mtge. Corp. v Chan*, 56 AD3d 521, 522 [2008]; *Rosen v Rosen*, 243 AD2d 618, 619 [1997]).

Here, the plaintiff established, prima facie, that the Brown power of attorney was a forgery and, therefore, that the defendants' interests in the subject property were invalid. The defendants failed to raise a triable issue of fact in opposition (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Although the plaintiff in an action to determine title pursuant to RPAPL article 15 "has an affirmative duty to show that title lies in it, which is not satisfied merely by pointing to weaknesses in defendants' title" (*Town of N. Hempstead v Bonner*, 77 AD2d 567, 568 [1980]; *see O'Brien v Town of Huntington*, 66 AD3d 160, 165 [2009]; *LaSala v Terstiege*, 276 AD2d 529, 530 [2000]; *Bridgehampton Natl. Bank v Schaffner*, 247 AD2d 351, 352 [1998]), contrary to the defendants' assertion, the plaintiff here made such a showing. A certificate of acknowledgment attached to an instrument such as a deed or a mortgage raises the presumption of due execution, "which presumption . . . can be rebutted only after being weighed against any evidence adduced to show that the subject instrument was not duly executed" (*Son Fong Lum v Antonelli*, 102 AD2d 258, 260, 261 [1984], *affd* 64 NY2d 1158 [1985]; *see Moffett v Gerardi*, 75 AD3d 496, 498

[2010]; *John Deere Ins. Co. v GBE/Alasia Corp.*, 57 AD3d 620, 621 [2008]; *Olympus Servicing, L.P. v Lee*, 56 AD3d 537 [2008]; *39 Coll. Point Corp. v Transpac Capital Corp.*, 22 AD3d 663 [2005]; *Elder v Elder*, 2 AD3d 671, 672 [2003]). The defendants failed to present any evidence to rebut the presumption of due execution and, thus, failed to raise a triable issue of fact as to the validity of the plaintiff's mortgage or the underlying deeds.

Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the complaint and dismissing the counterclaims. Since the first and second causes of action are for a declaratory judgment, we must remit the matter to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that the power of attorney purportedly granted by Sally Mandeville to Bertram Brown is a forgery, that the defendants' interests in the subject property are null and void, and that the plaintiff's mortgage is valid (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Skelos, J.P., Hall, Lott and Cohen, JJ., concur.