■ LIZABETH LEVKOFF, Plaintiff, and 349 HOLDINGS, INC., Appellant, v SOHO GRAND-WEST BROADWAY, INC., Respondent. [981 NYS2d 922]—

Order, Supreme Court, New York County (Ellen M. Coin, J.), entered August 26, 2013, which, insofar as appealed from as limited by the briefs, denied plaintiff 349 Holdings, Inc.'s motion for a preliminary injunction, unanimously affirmed, without costs.

Contrary to plaintiff's contention, its request to stay the foreclosure and auction of one of its shares in defendant cooperative is governed by the standard for preliminary injunctions, and not the more lenient standard for a *Yellowstone* injunction. Accordingly, plaintiff had to "demonstrate a probability of success on

the merits, danger of irreparable injury in the absence of an injunction and a balance of equities in its favor" (*Nobu Next Door, LLC v Fine Arts Hous., Inc.*, 4 NY3d 839, 840 [2005]), which it failed to do. As the motion court determined, plaintiff did not demonstrate a likelihood of success on the merits.

Plaintiff violated the so-ordered June 15, 2012 stipulation, requiring it to obtain defendant's permission to sublet its non-rent-regulated apartments *before*—not after—entering into a sublease. The stipulation did not have to specifically provide for the remedy of foreclosure.

Contrary to plaintiff's argument, the doctrine of unclean hands is inapplicable and does not warrant granting a preliminary injunction. Defendant's conduct was not immoral and unconscionable and plaintiff was arguably not injured by it since the motion court invalidated the complained-of resolution passed by defendant in violation of the stipulation (*National Distillers & Chem. Corp. v Seyopp Corp.*, 17 NY2d 12, 15 [1966]).

We have considered plaintiff's remaining arguments and find that they were either improperly raised for the first time on appeal or are unavailing. Concur—Mazzarelli, J.P., Sweeny, Andrias, DeGrasse and Richter, JJ.