■ Tawanna N. Jiles, Appellant, v Alana Archer et al., Respondents. [983 NYS2d 283]—

In an action pursuant to RPAPL article 15 to compel the determination of claims to real property, and for a judgment declaring that the plaintiff is the owner of the subject property and that the defendant U.S. Bank National Association has no interest in the subject property, the plaintiff appeals from a judgment of the Supreme Court, Queens County (McDonald, J.), entered January 2, 2014, which, upon a decision of the same court dated February 14, 2012, made after a nonjury trial, dismissed the complaint.

Ordered that on the Court's own motion, the notice of appeal from the decision is deemed to be a premature notice of appeal from the judgment (see CPLR 5520 [c]); and it is further,

Ordered that the judgment is reversed, on the facts, with costs, the complaint is reinstated, and the matter is remitted to the Supreme Court, Queens County, for the entry of an appropriate amended judgment, inter alia, declaring that the plaintiff is the owner of the subject property and the defendant U.S. Bank National Association has no interest in the subject property.

The plaintiff entered into an arrangement with her cousin, Gregory Wynn, to purchase certain residential property in Queens County. In July 2002, the property was purchased in the plaintiff's name. To finance the purchase, the plaintiff obtained a $180,000 loan from a mortgage lender. She did not contribute any money to the purchase, did not intend to reside there, had never visited the property, and did not speak to the tenants who occupied the property. She authorized Wynn to manage the property and pay the mortgage and other property costs with rental income, and Wynn retained any remaining rental income as a commission. The mortgage was satisfied in February 2004, without any contribution from the plaintiff.

In April 2006, a deed purportedly was executed by the plaintiff conveying her interest in the property to the defendant Alana Archer. To finance the purchase, Archer obtained a $500,000 mortgage loan from First Franklin. In November 2006, the mortgage was assigned to the defendant U.S. Bank National Association (hereinafter U.S. Bank). Archer subsequently defaulted in paying the mortgage, and U.S. Bank commenced a mortgage foreclosure action against her.

The plaintiff commenced this action pursuant to RPAPL article 15 to compel the determination of claims to the property and for a judgment declaring that she is the lawful owner of the property. She alleged that the 2006 deed was a forgery and was, therefore, void, and the mortgage held by U.S. Bank was invalid. After this action was commenced, pursuant to a judgment

of foreclosure in the action by U.S. Bank against Archer, U.S. Bank purchased the property at a foreclosure sale and obtained a referee's deed purporting to convey the property to it.

Following a nonjury trial, the Supreme Court found that the 2006 deed was a forgery, but the plaintiff was barred from seeking equitable relief because she had unclean hands in the purchase and sale of the property. The court dismissed the complaint, and the plaintiff appeals.

In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and it may render the judgment it finds warranted by the facts, bearing in mind that in a close case, the trial judge had the advantage of seeing the witnesses (*see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *Parr v Ronkonkoma Realty Venture I, LLC*, 65 AD3d 1199, 1201 [2009]).

"A deed based on forgery or obtained by false pretenses is void ab initio, and a mortgage based on such a deed is likewise invalid" (*Cruz v Cruz*, 37 AD3d 754, 754 [2007]; *see ABN AMRO Mtge. Group, Inc. v Stephens*, 91 AD3d 801, 803 [2012]; *First Natl. Bank of Nev. v Williams*, 74 AD3d 740, 742 [2010]; *GMAC Mtge. Corp. v Chan*, 56 AD3d 521, 522 [2008]). "If a document purportedly conveying a property interest is void, it conveys nothing, and a subsequent bona fide purchaser or bona fide encumbrancer for value receives nothing" (*ABN AMRO Mtge. Group, Inc. v Stephens*, 91 AD3d at 803; *see Marden v Dorthy*, 160 NY 39, 48 [1899]; *Solar Line, Universal Great Bhd., Inc. v Prado*, 100 AD3d 862, 863-864 [2012]; *First Natl. Bank of Nev. v Williams*, 74 AD3d at 741). Here, as the Supreme Court found, the plaintiff established that the 2006 deed was a forgery.

The doctrine of unclean hands may bar a party from seeking equitable relief "when the complaining party shows that the offending party is guilty of immoral, unconscionable conduct and even then only when the conduct relied on is directly related to the subject matter in litigation and the party seeking to invoke the doctrine was injured by such conduct" (*Jara v Strong Steel Door, Inc.*, 58 AD3d 600, 602 [2009] [internal quotation marks omitted]; *see National Distillers & Chem. Corp. v Seyopp Corp.*, 17 NY2d 12, 15-16 [1966]; *Wells Fargo Bank v Hodge*, 92 AD3d 775, 776 [2012]). Contrary to the Supreme Court's determination, U.S. Bank failed to show that the plaintiff was guilty of immoral or unconscionable conduct. There is no evidence that she was a willing participant in a mortgage fraud scheme. Indeed, there is no evidence of any fraud involved in the transaction—the mortgage was satisfied within two years. In addi-

tion, there is no evidence that the plaintiff intended to defraud when she used her name and credit to purchase the property. Moreover, U.S. Bank was not injured by her conduct in purchasing the property (*see Malaty v Malaty*, 95 AD3d 961, 962 [2012]; *Jara v Strong Steel Door, Inc.*, 58 AD3d at 602; *Columbo v Columbo*, 50 AD3d 617, 619 [2008]; *Kopsidas v Krokos*, 294 AD2d 406, 407 [2002]).

Furthermore, there is no evidence that the plaintiff or Wynn was involved, in any way, in the fraudulent 2006 transaction. Assuming that a power of attorney executed by the plaintiff in 2003, which granted Wynn the authority to act on her behalf in real estate transactions involving the property, was properly admitted into evidence, that document does not prove that Wynn played a role in the forgery.

Accordingly, since the plaintiff established that the 2006 deed was a forgery, and U.S. Bank failed to establish its defense of unclean hands, that deed is void, the mortgage based on the deed and assigned to U.S. Bank is invalid, the referee's deed in U.S. Bank's name is void, and the plaintiff is entitled to judgment on the complaint.

The plaintiff's remaining contentions have been rendered academic by our determination.

Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Queens County, for the entry of an appropriate amended judgment, inter alia, declaring that the plaintiff is the owner of the subject property and U.S. Bank has no interest in the subject property (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Balkin, J.P., Sgroi, Cohen and LaSalle, JJ., concur.