■ CITIBANK, N.A., as Trustee for CERTIFICATEHOLDERS OF STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2007-AR6, PASS-THROUGH CERTIFICATES, SERIES 2007-AR6, Respondent, v THOMAS HERMAN et al., Appellants, et al., Defendants. [3 NYS3d 379]—

In an action to foreclose a mortgage, the defendants Thomas Herman and Barbara Herman appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Pastoressa, J.), dated April 23, 2013, as denied those branches of their motion which were for summary judgment dismissing the complaint insofar as asserted against them based upon lack of standing and for the cancellation of a certain notice of pendency filed against the subject property.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the motion of the defendants Thomas Herman and Barbara Herman which were for summary judgment dismissing the complaint insofar as asserted against them based upon lack of standing and for the cancellation of a certain notice of pendency filed against the subject property are granted.

In a mortgage foreclosure action, a plaintiff has standing when it is both the holder or assignee of the subject mortgage and the holder or assignee of the underlying note at the time the action is commenced (*see Kondaur Capital Corp. v McCary*, 115 AD3d 649, 650 [2014]; *HSBC Bank USA v Hernandez*, 92 AD3d 843 [2012]; *Bank of N.Y. v Silverberg*, 86 AD3d 274, 279 [2011]; *Wells Fargo Bank, N.A. v Marchione*, 69 AD3d 204, 209 [2009]; *U.S. Bank, N.A. v Collymore*, 68 AD3d 752, 753 [2009]). The plaintiff may demonstrate that it is the holder or assignee of the underlying note by showing either a written assignment of the underlying note or the physical delivery of the note (*see Kondaur Capital Corp. v McCary*, 115 AD3d at 650; *Aurora Loan Servs., LLC v Weisblum*, 85 AD3d 95, 108 [2011]; *U.S. Bank, N.A. v Collymore*, 68 AD3d at 754). As a general matter, once a promissory note is tendered to and accepted by an assignee, the mortgage passes as an incident to the note (*see Bank of N.Y. v Silverberg*, 86 AD3d at 280). However, the transfer of the mortgage without the debt is a nullity, and no interest is acquired by it (*see Bank of N.Y. Mellon v Gales*, 116 AD3d 723, 724 [2014]; *Bank of N.Y. v Silverberg*, 86 AD3d at 280), because a mortgage is merely security for a debt or other obligation and cannot exist independently of the debt or obligation (*see Deutsche Bank Natl. Trust Co. v Spanos*, 102 AD3d 909, 911 [2013]).

In support of that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against them, the defendants Thomas Herman and Barbara

Herman (hereinafter together the Hermans) demonstrated, prima facie, that the plaintiff did not have standing to be entitled to relief in this action. The prima facie showing which a defendant must make on a motion for summary judgment is governed by the allegations made by the plaintiff in the pleadings (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 325 [1986]; *Foster v Herbert Slepoy Corp.*, 76 AD3d 210, 214 [2010]). In this regard, the Hermans submitted, among other things, the complaint, which indicated that the plaintiff allegedly obtained its right to foreclose by way of an assignment of the mortgage and note from Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), acting as nominee for the original lender. However, the Hermans established, prima facie, that MERS was never the holder of the note and was without authority to assign the note to the plaintiff. In opposition, the plaintiff failed to raise a triable issue of fact. While the plaintiff submitted, among other things, a copy of the note in opposition to the Hermans' motion, the plaintiff failed to establish delivery of the note to MERS prior to the execution of the assignment (*cf. Midland Mtge. Co. v Imtiaz*, 110 AD3d 773, 776 [2013]). Moreover, the plaintiff failed to raise a triable issue fact as to whether it was the holder of the note at the time the action was commenced (*cf. US Bank N.A. v Faruque*, 120 AD3d 575, 577 [2014]; *Homecomings Fin., LLC v Guldi*, 108 AD3d 506 [2013]). Therefore, the Supreme Court should have granted that branch of the Hermans' motion which was for summary judgment dismissing the complaint insofar as asserted against them based upon lack of standing.

Since the Hermans established their entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them based upon lack of standing, the Supreme Court should have also granted that branch of their motion which was for the cancellation of a certain notice of pendency filed against the subject property (*see* CPLR 6514 [a]; *see also Freidus v Sardelli*, 192 AD2d 578, 580 [1993]). Leventhal, J.P., Hall, Austin and Sgroi, JJ., concur.