■ DEBRA S. FILAN, Appellant, v JENNIE M. DELLARIA et al., Defendants, and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., as Nominee for MORTGAGEIT, INC., Respondent. (Action No. 1.) ANN ROTHMAN et al., Appellants, v ANTHONY FUSCO et al., Defendants, and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., as Nominee for MORTGAGEIT, INC., Respondent. (Action No. 2.) US BANK NATIONAL ASSOCIATION, Respondent, v ANTHONY FUSCO et al., Defendants, and ANN ROTHMAN et al., Appellants. (Action No. 3.) (And Another Action.) [43 NYS3d 353]—

In four related actions, inter alia, to foreclose mortgages on a parcel of real property, (1) Ann Rothman, Gary Rothman, Vincent Sodano, and Bruce S. Reznick, trustee of the Bruce S. Reznick, P.C., Defined Benefit Pension Plan, the plaintiffs in action No. 2 and defendants in action No. 3, appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (McCormack, J.), entered February 28, 2014, as granted the motion of Mortgage Electronic Registration Systems, Inc., as nominee for MortgageIT, Inc., a defendant in action No. 2, for summary judgment dismissing the complaint in that action insofar as asserted against it and, in effect, declaring, inter alia, that the portion of its mortgage lien on the subject real property representing security for loan proceeds up to the amount of $1,315,617.78 plus interest is superior to the mortgage liens held by them, denied their cross motion for summary judgment dismissing the fourth and fifth affirmative defenses asserted by that defendant in that action, granted those branches of the motion of the plaintiff in action No. 3 which were for summary judgment on the amended complaint in that action insofar as asserted against them and to appoint a referee to compute the amount due to that plaintiff, and denied their cross motion for summary judgment dismissing the amended complaint in that action insofar as asserted against them, and Jennie M. Dellaria, a defendant in action No. 3, separately appeals, as limited by her brief, from so much of the same order as granted those branches of the motion of the plaintiff in action No. 3 which were for summary judgment on the amended complaint in that action insofar as asserted against her and to appoint a referee to compute the amount due to that plaintiff, and denied her cross motion for summary judgment dismissing the amended complaint in that action insofar as asserted against her, and (2) Ann Rothman, Gary Rothman, Vincent Sodano, and Bruce S. Reznick, trustee of the Bruce S. Reznick, P.C., Defined Benefit Pension Plan, appeal, and Jennie M. Dellaria separately appeals, as limited by their respective briefs, from so much of an order of the same court entered April 28, 2014, as granted those branches of the motion of the plaintiff in action No. 3 which were for summary judgment on the amended complaint in that action insofar as asserted against each of them and to appoint a referee to compute the amount due to that plaintiff, and denied their separate cross motions for summary judgment dismissing the amended complaint in that action insofar as asserted against each of them, and Debra S. Filan, the plaintiff in action No. 1 and a defendant in action Nos. 2 and 3, separately appeals from the orders entered February 28, 2014, and April 28, 2014.

Ordered that the appeals by Debra S. Filan are dismissed as abandoned (*see* 22 NYCRR 670.8); and it is further,

Ordered that the appeal by Ann Rothman, Gary Rothman, Vincent Sodano, and Bruce S. Reznick, trustee of the Bruce S. Reznick, P.C., Defined Benefit Pension Plan, from so much of the order entered February 28, 2014, as granted those branches of the motion of the plaintiff in action No. 3 which were for summary judgment on the amended complaint in that action insofar as asserted against them and to appoint a referee to compute the amount due to that plaintiff, and denied their cross motion for summary judgment dismissing the amended complaint in that action insofar as asserted against them, is dismissed, as those portions of the order were superseded by the order entered April 28, 2014; and it is further,

Ordered that the appeal by Jennie M. Dellaria from the order entered February 28, 2014, is dismissed as academic in light of our determination on the appeal from the order entered April 28, 2014; and it is further,

Ordered that the order entered February 28, 2014, is affirmed insofar as reviewed; and it is further,

Ordered that the order entered April 28, 2014, is modified, on the law, by deleting the provisions thereof granting those branches of the motion of the plaintiff in action No. 3 which were for summary judgment on the amended complaint in that action insofar as asserted against Jennie M. Dellaria and to appoint a referee to compute the amount due to that plaintiff, and substituting therefor a provision denying those branches of the motion; as so modified, the order entered April 28, 2014, is affirmed insofar as appealed from, and so much of the order entered February 28, 2014, as granted those branches of the motion of the plaintiff in action No. 3 which were for summary judgment on the amended complaint in that action insofar as asserted against Jennie M. Dellaria and to appoint a referee to compute the amount due to that plaintiff is vacated; and it is further,

Ordered that one bill of costs is awarded to Jennie M. Dellaria, payable by the plaintiff in action No. 3.

The single-family residence that is the subject of these appeals in related mortgage foreclosure actions (hereinafter the property) is located in Hewlett, Nassau County. Title to the property was conveyed to Jennie M. Dellaria in 1996. Dellaria has resided at the property since then with her husband, Joseph C. Levine.

In May 2007, Dellaria sold the property to Anthony Fusco.

The purchase was funded, in part, with a $1,950,000 loan from MortgageIT, Inc. (hereinafter MortgageIT), which was secured by a mortgage on the property. At the time of the closing, on May 25, 2007, there were seven mortgages of record encumbering the property. The first priority lien, a mortgage securing a $1,200,000 loan, was held by Option One Mortgage Corporation (hereinafter Option One). In addition, the property was encumbered by two mortgages held by Gary Rothman, one mortgage held by Bruce S. Reznick, P.C., Defined Benefit Pension Plan, one mortgage held by Vincent Sodano, and one mortgage held by Ann Rothman (hereinafter collectively the RSR Mortgagees).

Levine, who was a practicing attorney in New York at the time of the closing, later admitted that he had arranged for Fusco to act as a straw buyer in order to acquire some of the proceeds of the MortgageIT loan. Pursuant to the plan concocted by Levine, Fusco would obtain a $1,950,000 loan from MortgageIT, take title to the property, and then convey title back to Dellaria immediately after the mortgage closing. Fusco would receive a payment for his role as the straw buyer, and Levine would use some of the funds from the MortageIT loan to replenish an escrow account he had raided in order to satisfy his gambling debts, which totaled approximately $300,000 to $400,000. As part of this fraudulent scheme, Levine presented MortgageIT with forged satisfactions of the five mortgages held by the RSR Mortgagees. However, as pertinent to these appeals, Option One's mortgage was fully satisfied by a payment in the amount of $1,315,617.78, which was derived from the MortgageIT loan funds. Shortly thereafter, upon his resignation, Levine was disbarred from practicing law in New York, and he was later convicted of several counts of grand larceny based on his theft of money from his escrow account.

By an assignment of mortgage dated June 13, 2008, Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), as nominee for MortgageIT, assigned the $1,950,000 MortgageIT mortgage and the underlying note to U.S. Bank National Association (hereinafter US Bank).

Four separate actions were commenced in the Supreme Court, Nassau County, in an effort to rectify the legal issues created in part by Levine's fraudulent mortgage scheme and to ascertain the respective rights of the parties claiming an interest in the property. Action Nos. 1 and 4 are not at issue on these appeals.

Action No. 2 was commenced by the RSR Mortgagees, who sought, inter alia, a judgment declaring that the forged

mortgage satisfactions were void and that their respective mortgages constituted valid liens against the property with priority over all other subsequently recorded liens. The RSR Mortgagees also sought to foreclose their mortgages on the ground that Dellaria had defaulted on each of them. In action No. 3, US Bank, the assignee of the MortgageIT mortgage, sought to foreclose that mortgage.

After issue had been joined, MERS, as nominee for MortgageIT, a defendant in action No. 2 (hereinafter MortgageIT), moved for summary judgment dismissing the complaint in that action insofar as asserted against it and, in effect, declaring, inter alia, that the portion of its mortgage lien representing security for the loan proceeds used to satisfy Option One's mortgage is superior to the mortgage liens held by the RSR Mortgagees. MortgageIT argued that the MortgageIT loan funds had been used to pay off the first priority lien on the property, the mortgage held by Option One, and, under the doctrine of equitable subrogation, MortgageIT stepped into the shoes of Option One as the first priority lienholder. Thus, MortgageIT argued, any other mortgages on the property, including those held by the RSR Mortgagees, were subordinate to the equitably subrogated portion of US Bank's mortgage. The RSR Mortgagees opposed the motion and cross-moved for summary judgment dismissing certain affirmative defenses based on the doctrine of equitable subrogation asserted by MortgageIT in action No. 2.

In action No. 3, US Bank moved, among other things, for summary judgment on the amended complaint in that action and to appoint a referee to compute the amount due to US Bank. The RSR Mortgagees and Dellaria, defendants in action No. 3, separately cross-moved for summary judgment dismissing the amended complaint in that action insofar as asserted against each of them.

In an order entered February 28, 2014, the Supreme Court granted MortgageIT's motion for summary judgment in action No. 2 and denied the RSR Mortgagees' cross motion for summary judgment dismissing MortgageIT's equitable subrogation affirmative defenses in that action. Further, the court granted US Bank's motion, inter alia, for summary judgment on the amended complaint in action No. 3 and denied the separate cross motions of the RSR Mortgagees and Dellaria for summary judgment dismissing the amended complaint in that action insofar as asserted against each of them. The court also, in effect, searched the record and awarded summary judgment to the RSR Mortgagees declaring that the forged mortgage

satisfactions are vacated and that their mortgages are reinstated, and directed that action No. 3, US Bank's foreclosure action, be severed for further proceedings, including the appointment of a referee to compute the amounts due to US Bank.

In an order entered April 28, 2014, the Supreme Court, among other things, granted US Bank's motion, inter alia, for summary judgment on the amended complaint in action No. 3, denied the separate cross motions of the RSR Mortgagees and Dellaria for summary judgment dismissing the amended complaint in that action insofar as asserted against each of them, and appointed a referee to ascertain and compute the amount due to US Bank.

The RSR Mortgagees and Dellaria appeal from both orders.

Contrary to the contention of the RSR Mortgagees, the Supreme Court did not err in granting MortgageIT's motion for summary judgment in action No. 2 based on the doctrine of equitable subrogation and in denying their cross motion for summary judgment dismissing MortgageIT's equitable subrogation affirmative defenses. "The doctrine of equitable subrogation applies in New York 'where the funds of a mortgagee are used to satisfy the lien of an existing, known incumbrance when, unbeknown to the mortgagee, another lien on the property exists which is senior to his but junior to the one satisfied with his funds. In order to avoid the unjust enrichment of the intervening, unknown lienor, the mortgagee is entitled to be subrogated to the rights of the senior incumbrance' " (*Arbor Commercial Mtge., LLC v Associates at the Palm, LLC*, 95 AD3d 1147, 1149 [2012], quoting *King v Pelkofski*, 20 NY2d 326, 333-334 [1967]; *see Elwood v Hoffman*, 61 AD3d 1073, 1075 [2009]). The doctrine operates to "erase[ ] the lender's mistake in failing to discover intervening liens, and grants him the benefit of having obtained an assignment of the senior lien that he caused to be discharged" (*United States v Baran*, 996 F2d 25, 29 [2d Cir 1993]; *see Arbor Commercial Mtge., LLC v Associates at the Palm, LLC*, 95 AD3d at 1149). In this manner, equitable subrogation preserves the proper priorities by keeping the first mortgage first and the second mortgage second, and prevents "a junior lienor from converting the mistake of the lender into a magical gift for himself [or herself]" (*Arbor Commercial Mtge., LLC v Associates at the Palm, LLC*, 95 AD3d at 1149 [internal quotation marks omitted]; *see United States v Baran*, 996 F2d at 29).

Here, MortgageIT established its prima facie entitlement to judgment as a matter of law dismissing the complaint in action

No. 2 insofar as asserted against it and, in effect, declaring, based on the doctrine of equitable subrogation, inter alia, that the portion of its mortgage lien representing security for the loan proceeds used to satisfy Option One's mortgage is superior to the mortgage liens held by the RSR Mortgagees. Mortgage-IT's submissions demonstrated that a portion of the proceeds of the MortgageIT loan was used to pay off Option One's mortgage, which was in the first priority lien position.

In opposition, the RSR Mortgagees failed to raise a triable issue of fact that would preclude MortgageIT from invoking the doctrine of equitable subrogation. They failed to submit any evidence that MortgageIT knew that the satisfactions of their mortgages had been forged (*cf. Arbor Commercial Mtge., LLC v Associates at the Palm, LLC*, 95 AD3d at 1150). Nor did they submit evidence that the doctrine of unclean hands would apply to bar MortgageIT from equitable relief. The doctrine of unclean hands applies "when the complaining party shows that the offending party is guilty of immoral, unconscionable conduct and even then only when the conduct relied on is directly related to the subject matter in litigation and the party seeking to invoke the doctrine was injured by such conduct" (*Jiles v Archer*, 116 AD3d 664, 666 [2014] [internal quotation marks omitted]; *see National Distillers & Chem. Corp. v Seyopp Corp.*, 17 NY2d 12, 15-16 [1966]; *Jara v Strong Steel Door, Inc.*, 58 AD3d 600, 602 [2009]; *Columbo v Columbo*, 50 AD3d 617, 619 [2008]). Here, as the Supreme Court found, even if MortgageIT should have more thoroughly inquired into the circumstances surrounding the underlying transaction, there was no showing that MortgageIT was guilty of immoral or unconscionable conduct (*cf. Festinger v Edrich*, 32 AD3d 412, 414 [2006]; *Nicolaides v Nicolaides*, 173 AD2d 448, 451 [1991]). Moreover, since the court, in effect, searched the record and awarded the RSR Mortgagees summary judgment declaring that the forged satisfactions are vacated and that their mortgages are reinstated, thereby restoring them to their original positions, they failed to demonstrate that they were injured by MortgageIT's alleged misconduct (*see Jiles v Archer*, 116 AD3d at 666-667; *Jara v Strong Steel Door, Inc.*, 58 AD3d at 602; *Columbo v Columbo*, 50 AD3d at 619; *Mehlman v Avrech*, 146 AD2d 753, 754 [1989]). As correctly noted by the court, the only pertinent change that had occurred since the time that the RSR Mortgagees placed their respective mortgage liens upon the property was "that a different bank," Mort-gageIT, by paying off the preexisting priority mortgage, "became the priority lender."

However, we agree with Dellaria that the Supreme Court

erred in declining to reach the issue of US Bank's standing to foreclose its mortgage and in granting those branches of US Bank's motion which were for summary judgment on the amended complaint in action No. 3 insofar as asserted against Dellaria and to appoint a referee to compute the amount due to US Bank. While the court properly determined that the RSR Mortgagees had waived the defense of lack of standing by failing to raise it in their answer or in a pre-answer motion to dismiss, and were thus precluded from raising it in their opposition to US Bank's motion for summary judgment or in support of their cross motion for summary judgment dismissing the amended complaint in action No. 3 insofar as asserted against them (see CPLR 3211 [a] [3]; [e]; Matter of Fossella v Dinkins, 66 NY2d 162, 167-168 [1985]; JP Morgan Chase Bank, N.A. v Butler, 129 AD3d 777, 780 [2015]; Wells Fargo Bank, N.A. v Erobobo, 127 AD3d 1176, 1177-1178 [2015]), Dellaria did not waive the defense of lack of standing. Dellaria was not initially named as a defendant in action No. 3, and thus, she was not required to submit an answer. Dellaria appeared in action No. 3 because US Bank, in its summary judgment motion, sought to amend the caption by substituting her for one of the "John Doe" defendants. Under these circumstances, we find that Dellaria properly raised the issue of standing in opposition to US Bank's summary judgment motion and in support of her cross motion for summary judgment dismissing the amended complaint in action No. 3 insofar as asserted against her. Thus, the court should have addressed the issue of US Bank's standing to commence action No. 3.

"A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that it is either the holder or assignee of the underlying note at the time the action is commenced" (Wells Fargo Bank, N.A. v Gallagher, 137 AD3d 898, 899 [2016]; see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 360-362 [2015]; HSBC Bank USA, N.A. v Spitzer, 131 AD3d 1206, 1207 [2015]). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation" (Onewest, F.S.B. v Goddard, 131 AD3d 1028, 1029 [2015]; see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361-362; U.S. Bank, N.A. v Collymore, 68 AD3d 752, 753-754 [2009]). " 'As a general matter, once a promissory note is tendered to and accepted by an assignee, the mortgage passes as an incident to the note. However, the transfer of the mortgage without the debt is a nullity, and no interest is acquired by it, because a mortgage is merely security for a debt or other obligation and cannot exist independently of the debt or obligation' " (HSBC

*Bank USA, N.A. v Roumiantseva*, 130 AD3d 983, 984 [2015], quoting *Citibank, N.A. v Herman*, 125 AD3d 587, 588 [2015]; *see Aurora Loan Servs., LLC v Taylor*, 25 NY3d at 361-362; *Deutsche Bank Natl. Trust Co. v Spanos*, 102 AD3d 909, 911 [2013]).

Here, to establish that it had standing, US Bank relied primarily on the assignment of mortgage dated June 13, 2008, by which MERS, acting as nominee for MortgageIT, the original lender, purportedly assigned the MortgageIT mortgage and the underlying note signed by Fusco to US Bank. However, as "nominee," MERS's authority was "limited to only those powers which were specifically conferred to it and authorized by the lender" (*Bank of N.Y. v Silverberg*, 86 AD3d 274, 281 [2011], citing Black's Law Dictionary 1076 [8th ed 2004]; *cf. Citibank, N.A. v Herman*, 125 AD3d at 589). Neither the MortgageIT mortgage nor any other document in the record specifically gave MERS the right to assign the note. Further, US Bank did not submit evidence demonstrating that MERS was in possession of the note before, or at the time, it purportedly assigned the note to US Bank. Thus, US Bank failed to establish delivery of the note to MERS prior to the execution of the assignment, or that it was the holder of the note at the time action No. 3 was commenced (*see Citibank, N.A. v Herman*, 125 AD3d at 589; *Bank of N.Y. v Silverberg*, 86 AD3d at 281). Accordingly, the Supreme Court should have denied those branches of US Bank's motion which were for summary judgment on the amended complaint in action No. 3 insofar as asserted against Dellaria and to appoint a referee to compute the amount due to US Bank.

Nevertheless, the Supreme Court properly denied Dellaria's cross motion for summary judgment dismissing the amended complaint in action No. 3 insofar as asserted against her because she failed to meet her burden of establishing, prima facie, that US Bank lacked standing as a matter of law (*see HSBC Mtge. Corp. [USA] v MacPherson*, 89 AD3d 1061, 1062 [2011]; *cf. U.S. Bank N.A. v Guy*, 125 AD3d 845, 847 [2015]).

The parties' remaining contentions are without merit. Leventhal, J.P., Maltese, Barros and Connolly, JJ., concur.