Ortiz v Silver Invs. (2018 NY Slip Op 07135)





Ortiz v Silver Invs.


2018 NY Slip Op 07135


Decided on October 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
ROBERT J. MILLER
HECTOR D. LASALLE, JJ.


2016-08985
 (Index No. 503041/16)

[*1]Jonathan Ortiz, respondent,
v
Silver Investors, et al., appellants, et al., defendants.


Chidi Eze, Brooklyn, NY, for appellants.
Tosson & Awad, LLP, Ridgewood, NY (Nancy Tosson of counsel), for respondent.



DECISION & ORDER
In an action to cancel a deed and to set aside a conveyance of certain real property, the defendants Silver Investors and Henry Walters appeal from an order of the Supreme Court, Kings County (Martin M. Solomon, J.), dated August 4, 2016. The order, insofar as appealed from, denied those defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff allegedly was the victim of a foreclosure rescue scam whereby the defendant Silver Investors and its principal, the defendant Henry Walters (hereinafter together the Silver defendants), fraudulently induced the plaintiff to convey title to his property in foreclosure to Silver Investors by promising to allow the plaintiff to repurchase the original property at a more favorable interest rate. When the plaintiff became aware of an allegedly forged contract for the sale of the property, he consulted an attorney, and commenced this action to cancel the deed and to set aside the conveyance. The Silver defendants moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint insofar as asserted against them. The Supreme Court, inter alia, denied the Silver defendants' motion.
"A deed based on forgery or obtained by false pretenses is void ab initio, and a mortgage based on such a deed is likewise invalid" (Cruz v Cruz, 37 AD3d 754, 754; see ABN AMRO Mtge. Group, Inc. v Stephens, 91 AD3d 801, 803; First Natl. Bank of Nev. v Williams, 74 AD3d 740, 742; GMAC Mtge. Corp. v Chan, 56 AD3d 521, 522). "If a document purportedly conveying a property interest is void, it conveys nothing, and a subsequent bona fide purchaser or bona fide encumbrancer for value receives nothing" (ABN AMRO Mtge. Group, Inc. v Stephens, 91 AD3d at 803; see Marden v Dorthy, 160 NY 39, 48; Solar Line, Universal Great Bhd., Inc. v Prado, 100 AD3d 862, 863-864; First Natl. Bank of Nev. v Williams, 74 AD3d at 741).
Deeming the allegations in the complaint as true and affording the plaintiff the benefit of every possible favorable inference (see Leon v Martinez, 84 NY2d 83, 87-88), the complaint adequately states a cause of action to cancel the deed and set aside the conveyance. Although the [*2]complaint purports to set forth additional causes of action for "violation of the statute of frauds," "violation of New York Real Property Law § 265," "fraud," "civil conspiracy to commit fraud," and "unjust enrichment," the complaint does not demand damages under these theories, and therefore, there is no reason to consider the legal viability of these theories.
Contrary to the Silver defendants' contention, they did not demonstrate that the doctrine of "unclean hands" bars the plaintiff from seeking equitable relief. A party seeking an equitable remedy must not have "unclean hands" (Kopsidas v Krokos, 294 AD2d 406, 407). The doctrine of unclean hands applies when the offending party "is guilty of immoral, unconscionable conduct" directly related to the subject matter in litigation and which conduct injured the party seeking to invoke the doctrine (Columbo v Columbo, 50 AD3d 617, 619 [internal quotation marks omitted]; see National Distillers & Chem. Corp. v Seyopp Corp., 17 NY2d 12, 15-16; Lucia v Goldman, 145 AD3d 767, 769; Jiles v Archer, 116 AD3d 664, 666; Jara v Strong Steel Door, Inc., 58 AD3d 600). Here, the complaint alleges that the plaintiff, a vulnerable and unsophisticated homeowner facing foreclosure, was the victim of a foreclosure rescue scam, from which he was trying to extricate himself. The documentary evidence submitted by the Silver defendants in support of their motion failed to conclusively establish that any agreement between the parties was illegal and unenforceable (see CPLR 3211[a][1]; Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326). Moreover, the documentary evidence failed to conclusively establish that the Silver defendants were injured by the plaintiff's alleged participation in the scheme, as the Silver defendants received the deed to the plaintiff's property (see Jiles v Archer, 116 AD3d at 666).
Accordingly, we agree with the Supreme Court's determination to deny the Silver defendants' motion pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint insofar as asserted against them.
SCHEINKMAN, P.J., RIVERA, MILLER and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court