Z.S.L., Inc. v Montauk Amityville Realty Corp. (2022 NY Slip Op 04760)

Z.S.L., Inc. v Montauk Amityville Realty Corp.

2022 NY Slip Op 04760

Decided on July 27, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ANGELA G. IANNACCI
REINALDO E. RIVERA
JOSEPH A. ZAYAS, JJ.

2020-03793
 (Index No. 606948/17)

[*1]Z.S.L., Inc., appellant, 
v
Montauk Amityville Realty Corp., respondent.

Michael A. Markowitz, P.C., Hewlett, NY, for appellant.
Blodnick Fazio & Clark, Babylon, NY (Adam Crowley of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, for a judgment declaring the rights and obligations of the parties with respect to a lease agreement and for injunctive relief, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Jerry Garguilo, J.), dated April 27, 2020. The order, insofar as appealed from, granted that branch of the defendant's motion which was, in effect, for summary judgment declaring that the plaintiff was in breach of the lese.
ORDERED that the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment, inter alia, making an appropriate declaration in favor of the defendant, in accordance herewith.
The plaintiff, as tenant, entered into a commercial lease agreement with the defendant, whereby the plaintiff leased premises on which a retail gasoline station was operated. As alleged in the complaint, on or about March 30, 2017, the defendant mailed a notice to cure to the plaintiff, asserting that the plaintiff was in breach of the lease because it had entered into a new dealer fuel supply agreement without the defendant's consent and demanding that the plaintiff cure the default by May 15, 2017.
On April 14, 2017, the plaintiff commenced this action, inter alia, for a judgment declaring that it was not in breach of the lease and for related injunctive relief. After discovery, the defendant moved, among other things, in effect, for summary judgment declaring that the plaintiff was in breach of the lease. By order dated April 27, 2020, the Supreme Court, inter alia, granted that branch of the motion upon concluding that, as a matter of law, the plaintiff was in breach of the lease.
Contrary to the plaintiff's contention, given the allegations of the complaint, the defendant was not required to demonstrate, as part of its prima facie showing on summary judgment, the manner in which the notice to cure was mailed or the date on which it was mailed (see generally Citibank, N.A. v Herman, 125 AD3d 587, 589; Foster v Herbert Slepoy Corp., 76 AD3d 210, 214). As the plaintiff failed to raise any issue regarding the mailing of the notice in opposition to the defendant's summary judgment motion, such issues are not properly before this Court on appeal (see Wells Fargo Bank v Islam, 174 AD3d 670, 671).
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Suffolk County, for the entry of a judgment in the defendant's favor, inter alia, declaring that the plaintiff was in breach of the lease (see Lanza v Wagner, 11 NY2d 317, 334).
DUFFY, J.P., IANNACCI, RIVERA and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court