OPINION OF THE COURT
C. Raymond Radigan, J.
In this probate proceeding the proponent seeks implementation of one of the most recent amendments to the virtual representation statute, specifically, SCPA 315 (subd 5) which now permits so-called “horizontal” virtual representation as distinguished from “vertical” virtual representation, if the instrument expressly so provides (L 1981, ch 178, eff June 2, 1981).
Notwithstanding its very recent enactment, the will of the testator in this estate does so expressly provide by explicit reference to SCPA 315 (subd 5), permitting “any person under a disability who may be interested in such proceeding where there is a party to the proceeding who has the same interest as such person under a disability” to be virtually represented. The “proceeding” referred to is “any proceeding (whether for an accounting or otherwise) in which all persons interested in my estate are required to be served with process”.
The question presented, whether a will not yet probated can grant the authority provided under SCPA 315 (subd 5), would seem to contain the answer in the very expression of the question. Upon the death of a decedent his estate *123 automatically devolves to his statutory distributees unless it is demonstrated that he made a valid disposition by will. There is no presumption of validity of any given propounded document, and it becomes a valid will only after admission to probate (Matter of Billet, 187 App Div 309; Matter of Cameron, 47 App Div 120, affd 166 NY 610), the presumption in favor of intestacy continuing until overcome by evidence. “As a result, a probate proceeding amounts to an affirmative assault upon the otherwise unquestionable rights of the statutory distributees of the decedent.” (Matter of Cusimano, 173 Misc 382, 383.)
The doctrine of virtual representation, when properly applied, complies with the constitutional commands of notice and opportunity to be heard (Matter of Putignano, 82 Misc 2d 389). However, when a will has yet to be probated and a direction in that will itself is a necessary prerequisite to the implementation of the virtual representation statute, the intestate distributees cannot be deprived of their vested rights without due process and an opportunity to be heard as to the validity of the will. What is presented is a bootstrap operation of an attempt to negate that right by a provision in a document whose very validity itself is in question. Accordingly, it is held that the precondition to the implementation of SCPA 315 (subd 5), namely, that the will expressly provide for its implementation, cannot be met by an instrument whose validity is still subject to question by the interested persons who it is sought to deny the issuance of process to. Under the circumstances, the infant distributees of the decedent will be required to be served with process.