■ PUBLIC ADMINISTRATOR OF KINGS COUNTY, Appellant, v EVANS SAMERSON, Appellant, EIFFEL MANAGEMENT CORP. et al., Defendants, and CAROLYN E. BURGESS et al., Respondents. [750 NYS2d 301] —In an action, inter alia, to set aside certain deeds as fraudulent, the plaintiff appeals, and the defendant Evans Samerson separately appeals, as limited by their respective briefs, from so much of an order of the Supreme Court, Kings County (Knipel, J.), entered March 23, 2001, as granted

the motion of the defendants Carolyn E. Burgess and Chase Manhattan Mortgage Corporation for summary judgment dismissing the complaint insofar as asserted against them. The appeal brings up for review so much of an order of the same court, dated June 8, 2001, as, upon granting leave to renew and reargue, adhered to the original determination.

Ordered that the appeal by Evans Samerson is dismissed, without costs or disbursements, as he is not aggrieved by the order entered March 23, 2001 (*see* CPLR 5511); and it is further,

Ordered that the appeal by the plaintiff from the order entered March 23, 2001, is dismissed, without costs or disbursements, as that order was superseded by the order dated June 8, 2001, made upon renewal and reargument; and it is further,

Ordered that the order dated June 8, 2001, is reversed insofar as reviewed, without costs or disbursements, and upon renewal and reargument, so much of the order entered March 23, 2001, as granted the motion of the defendants Carolyn E. Burgess and Chase Manhattan Mortgage Corporation for summary judgment dismissing the complaint insofar as asserted against them is vacated, the motion is denied, and the complaint is reinstated insofar as asserted against those defendants.

The plaintiff contends, inter alia, that the defendant Evans Samerson fraudulently obtained an interest in property owned by the deceased Melbourne Smith. After Smith's death, Samerson allegedly conveyed the subject property to the defendant Eiffel Management Corp. (hereinafter Eiffel). The defendant Carolyn Burgess purchased the property from Eiffel, and the defendant Chase Manhattan Mortgage Corporation (hereinafter Chase) obtained a mortgage on the property. Burgess and Chase moved for summary judgment dismissing the complaint insofar as asserted against them on the ground that they were, respectively, a bona fide purchaser and encumbrancer for value, and the Supreme Court granted the motion.

Pursuant to Real Property Law § 266, a bona fide purchaser or encumbrancer for value is protected in his or her title unless he or she had previous notice of the alleged prior fraud by the seller (*see Anderson v Blood,* 152 NY 285; *Miner v Edwards,* 221 AD2d 934; *Emerson Hills Realty v Mirabella,* 220 AD2d 717). However, a person cannot be a bona fide purchaser or encumbrancer for value through a forged deed, as it is void and conveys no title (*see Marden v Dorthy,* 160 NY 39; *Yin Wu v Wu,* 288 AD2d 104; *Kraker v Roll,* 100 AD2d 424, 430-431).

Although Burgess and Chase made a prima facie showing on their motion for summary judgment that they were, respectively, a bona fide purchaser and encumbrancer for value, the plaintiff demonstrated that there is a triable issue of fact as to whether the deed conveying Samerson's alleged interest in the property to Eiffel was forged and therefore void.

Accordingly, the Supreme Court erred in granting summary judgment to Burgess and Chase. In view of our determination, we need not reach the remaining issues raised by the parties. O'Brien, J.P., Krausman, Townes and Cozier, JJ., concur.