■ REBECCA KARAN et al., Respondents, v CHERYL HOSKINS et al., Defendants, and DENISE M. RIVERA et al., Appellants. [803 NYS2d 666]—

In an action, inter alia, pursuant to RPAPL article 15 to determine claims to real property, the defendants Denise M. Rivera and Indymac Bank, FSB, appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Joseph, J.), dated May 24, 2004, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

Pursuant to Real Property Law § 266, a bona fide purchaser or encumbrancer for value is protected in his or her title unless he or she had previous notice of the alleged prior fraud by the seller (*see Anderson v Blood,* 152 NY 285 [1897]; *Miner v Edwards,* 221 AD2d 934 [1995]; *Emerson Hills Realty v Mira-*

*bella,* 220 AD2d 717 [1995]). However, a person cannot be a bona fide purchaser or encumbrancer for value through a forged deed, as such a deed is void and conveys no title (*see Marden v Dorthy,* 160 NY 39 [1899]; *Yin Wu v Wu,* 288 AD2d 104 [2001]; *Kraker v Roll,* 100 AD2d 424, 430-431 [1984]).

Although the appellants Denise M. Rivera and Indymac Bank, FSB, made a prima facie showing on their motion for summary judgment that they were, respectively, a bona fide purchaser and encumbrancer for value, the plaintiffs demonstrated that there is a triable issue of fact as to whether the deed conveying the decedent Benjamin Travitsky's interest in the property to the defendant Cheryl Hoskins was forged and therefore void (*see Public Adm'r of Kings County v Samerson,* 298 AD2d 512 [2002]).

Further, in response to the appellants' assertion of the equitable defense of laches, the plaintiffs raised a triable issue of fact as to whether the appellants had unclean hands (*see Ta Chun Wang v Chun Wong,* 163 AD2d 300 [1990]).

Accordingly, the Supreme Court properly denied the appellants' motion for summary judgment dismissing the complaint insofar as asserted against them.

Although this Court is empowered to search the record and award summary judgment in favor of non-appealing parties (*see Rodriguez v Kimco Centereach 605,* 298 AD2d 571 [2002]), here, contrary to the plaintiffs' contention, this Court finds that material issues of fact exist which preclude awarding them summary judgment (*see Schwartz v Epstein,* 155 AD2d 524 [1989]; *Lum v Antonelli,* 102 AD2d 258 [1984], *affd* 64 NY2d 1158 [1985]).

The parties' remaining contentions are without merit. S. Miller, J.P., Krausman, Goldstein and Covello, JJ., concur.