■ In the Matter of WILLIAM RACCIOPPI, Deceased. IRENE CLOGHER, Respondent-Appellant, v LAVERNE MODESTE et al., Appellants-Respondents. [10 NYS3d 131]—

In a proceeding for the administration of the estate of William Raccioppi, in which the administrator petitioned pursuant to SCPA 2103 for, inter alia, the turnover of certain real property, Laverne Modeste and Christopher Modeste appeal, as limited by their brief, from so much of an order of the Surrogate's Court, Kings County (Lopez Torres, S.), dated April 12, 2013, as denied their motion, inter alia, for summary judgment dismissing the petition, and the petitioner cross-appeals, as limited by her brief, from so much of the same order as denied her cross motion for summary judgment on the petition and dismissing the affirmative defenses and counterclaims of Laverne Modeste and Christopher Modeste.

Ordered that the order is affirmed, without costs or disbursements.

The petitioner, Irene Clogher, is the daughter of the decedent, William Raccioppi, who died on December 8, 2003, and Annabelle Raccioppi (hereinafter Annabelle), who died on September 20, 1970. On April 12, 2010, the Surrogate's Court granted the petitioner's uncontested petition for letters of administration. Thereafter, on September 1, 2010, the petitioner filed the instant petition seeking the turnover of, among other things, certain real property in Brooklyn (hereinafter the property). According to a deed dated July 8, 1953, the decedent held title to the property jointly with Annabelle. The petition alleged that, on March 17, 2006, Elizabeth Raccioppi, who was the decedent's wife at the time the decedent died, executed a deed (hereinafter the deed), by and through her attorney-in-fact, Robert Cicale, transferring the property to the respon-

dents, Laverne Modeste and Christopher Modeste, for the sum of $380,070. The petition further alleged that the property was an asset of the decedent's estate and that the deed was forged. It is undisputed that the signature affixed to the deed was signed in the name of "Annabelle Raccioppi also known as Elizabeth Raccioppi." It is also undisputed that Cicale filed several other ancillary documents naming Annabelle as the grantor and seller of the property.

After the petitioner filed the instant petition, a document purporting to be the last will and testament of the decedent, dated March 11, 1994 (hereinafter the will), was discovered by the guardian ad litem for Elizabeth and filed with the Surrogate's Court on September 28, 2011. The will purported to devise the property to Elizabeth upon the decedent's death.

The respondents moved for, inter alia, summary judgment dismissing the petition on the grounds that Elizabeth was vested with title to the property upon the decedent's death and, therefore, the transfer of the property to them in 2006 was valid. The respondents also asserted that they were bona fide purchasers of the property and that they had no notice of any fraud concerning the transfer of the property. The petitioner cross-moved for summary judgment on the petition and dismissing the respondents' affirmative defenses and counterclaims on the grounds that the deed was forged and, therefore, void, and that the will was fraudulent and/or forged. The Surrogate's Court denied both the motion and cross motion. We affirm.

Pursuant to Real Property Law § 266, a bona fide purchaser or encumbrancer for value is protected in his or her title unless he or she had previous notice of the alleged prior fraud by the seller (see Anderson v Blood, 152 NY 285 [1897]; Karan v Hoskins, 22 AD3d 638, 639 [2005]). However, a person cannot be a bona fide purchaser or encumbrancer for value through a forged deed, as it is void and conveys no title (see Marden v Dorthy, 160 NY 39 [1899]; Public Adm'r of Kings County v Samerson, 298 AD2d 512, 514 [2002]). Although the respondents made a prima facie showing that they were bona fide purchasers, the petitioner raised a triable issue of fact as to whether the deed conveying the property to them was forged and, therefore, void (see Karan v Hoskins, 22 AD3d at 639; Public Adm'r of Kings County v Samerson, 298 AD2d at 514). Accordingly, the Surrogate's Court properly denied that branch of the respondents' motion which was for summary judgment dismissing the petition.

In addition, the Surrogate's Court properly denied that

branch of the respondents' motion which was pursuant to CPLR 3211 (a) to dismiss the petition, made on the ground that the will devised the property to Elizabeth upon the decedent's death and, therefore, established that Elizabeth held valid title to the property when she transferred the property to them in 2006. Generally, "title to real property devised under the will of a decedent vests in the beneficiary at the moment of the testator's death and not at the time of probate" (*Citimortgage, Inc. v McNeil*, 30 Misc 3d 1216[A], 2011 NY Slip Op 50096[U], *3 [Sup Ct, Kings County 2011]; *see Waxson Realty Corp. v Rothschild*, 255 NY 332, 336 [1931]; *Corley v McElmeel*, 149 NY 228, 235 [1896]; *Matter of Ballesteros*, 20 AD3d 414, 415 [2005]; *DiSanto v Wellcraft Mar. Corp.*, 149 AD2d 560, 562 [1989]). Here, however, since the validity of the will is being challenged by the petitioner, it was incumbent upon the respondents, as the proponents of the will, to prove due execution of the will and testamentary capacity (*see Matter of Kumstar*, 66 NY2d 691, 692 [1985]; *Matter of Buchting*, 111 AD3d 1114, 1116 [2013]; *Matter of Billet*, 187 App Div 309, 311 [1919]; *Matter of Cameron*, 47 App Div 120, 123 [1900], *affd* 166 NY 610 [1901]; *Matter of Ginsburg*, 115 Misc 2d 122, 123 [Sur Ct, Nassau County 1982]). In support of their motion, the respondents submitted the will, which contained an attestation clause, and an affidavit of one of the attesting witnesses, Paula Rago, who stated that although she did not recall the execution ceremony, she recognized her signature on the document. The respondents also submitted the affirmation of Sally Simone Markowitz, who stated that the signature of the other attesting witness belonged to Alvin Jack Chorney, her father's partner at the law firm of Markowitz and Chorney, and that she recognized his signature, having seen it on "official documents" while she worked with her father at the law firm.

Contrary to the respondents' contention, the foregoing evidence was insufficient to establish that the will was executed in accordance with the formalities required by law (*see* EPTL 3-2.1), and that the decedent was of sound mind and memory when he executed the will and understood the nature and consequences of executing the will (*see Matter of Buchting*, 111 AD3d at 1116; *Matter of Elkan*, 84 AD3d 603 [2011]; *Matter of Moser*, 27 Misc 2d 415, 416 [Sur Ct, Nassau County 1961]). While there is a presumption of regularity where the drafting attorney supervised the will's execution (*see Matter of Templeton*, 116 AD3d 781 [2014]; *Matter of Tuccio*, 38 AD3d 791, 791 [2007]), here, there was no evidentiary support for the respondents' conclusory contention that the will was drafted by Chorney or that he supervised the execution ceremony. More-

over, the respondents failed to adduce any evidence demonstrating that the decedent possessed testamentary capacity when he signed the will. Accordingly, the Surrogate's Court properly denied that branch of the respondents' motion which was pursuant to CPLR 3211 (a) to dismiss the petition, since the will submitted by the respondents failed to demonstrate that Elizabeth held valid title to the property when she transferred the Property to them in 2006.

For the same reasons, the Surrogate's Court properly denied that branch of the petitioner's cross motion which was for summary judgment on the petition. While the petitioner correctly argues that "[a] deed based on forgery . . . is void ab initio" (*Jiles v Archer*, 116 AD3d 664, 666 [2014]; *see Marden v Dorthy*, 160 NY 39 [1899]), as stated above, triable issues of fact exist as to whether the deed was forged and, under the circumstances of this case, the petitioner is not entitled to the relief sought in the petition, to wit, the turnover of the property, until the validity of the will is adjudicated.

Contrary to the respondents' contention, they failed to demonstrate that revoking the letters of administration issued to the petitioner was warranted and that a public administrator should be appointed to probate the will (*see Matter of Maxwell*, 13 AD3d 630, 631 [2004]; *Matter of Buchwald*, 38 Misc 3d 1225[A], 2013 NY Slip Op 50272[U], *3-4 [Sur Ct, Queens County 2013]; *Matter of Jankans*, 2008 NY Misc LEXIS 6442, *1 [Sur Ct, Bronx County 2008]; *Matter of Wermund*, 2008 NY Misc LEXIS 4823, *2 [Sur Ct, Queens County 2008]).

The parties' remaining contentions are without merit. Rivera, J.P., Dickerson, Cohen and Barros, JJ., concur.