US Bank Trust, N.A. v Gaines (2020 NY Slip Op 07623)





US Bank Trust, N.A. v Gaines


2020 NY Slip Op 07623


Decided on December 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2019-01790
 (Index No. 502887/14)

[*1]US Bank Trust, N.A., etc., appellant,
v
Sonia Gaines, respondent, et al., defendants.


Fein, Such & Crane, LLP, Syracuse, NY (John A. Cirando, Bradley E. Keem, and Rebecca L. Konst of counsel), for appellant.
Richland & Falkowski, PLLC, Astoria, NY (Daniel H. Richland of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated January 2, 2019. The order granted the motion of the defendant Sonia Gaines pursuant to CPLR 5015(a)(3) to vacate an order of reference of the same court dated June 7, 2017, and a judgment of foreclosure and sale of the same court dated May 11, 2018, and, in effect, pursuant to CPLR 3211(a)(10) to dismiss the complaint insofar as asserted against her for failure to join a necessary party.
ORDERED that the order dated January 2, 2019, is reversed, on the law, with costs, and the motion of the defendant Sonia Gaines is denied.
Pursuant to a deed dated March 27, 1991, Marjorie Colwell became the owner of certain real property located in Brooklyn (hereinafter the subject property). Colwell died on November 8, 2004. Colwell's will bequeathed the subject property to the defendant Sonia Gaines, and also named Gaines as the executrix of the estate.
On October 26, 2006, Gaines, in her individual capacity, executed a promissory note in favor of the CIT Group/Consumer Finance, Inc., in the principal sum of $445,000. That note was secured by a mortgage, executed by Gaines, purportedly encumbering the subject property. After a series of assignments, in April 2014, DLJ Mortgage Capital, Inc., commenced this action against Gaines, in her individual capacity, among others, to foreclose the mortgage. Colwell's estate (hereinafter the estate) was not named as a defendant. On June 7, 2017, upon Gaines's default in appearing or answering the complaint, the Supreme Court issued an order of reference and amended the caption to substitute the plaintiff in place of DLJ Mortgage Capital, Inc. The court subsequently entered a judgment of foreclosure and sale dated May 11, 2018.
Gaines thereafter moved pursuant to CPLR 5015(a)(3) to vacate the order of reference and the judgment of foreclosure and sale on the basis that the plaintiff had fraudulently misrepresented that Gaines, in her individual capacity, owned the subject property, and, in effect, pursuant to CPLR 3211(a)(10) to dismiss the complaint insofar as asserted against her for nonjoinder [*2]of the estate, which, Gaines argued, was a necessary party. The Supreme Court granted the motion, and the plaintiff appeals.
We disagree with the Supreme Court's determination that the estate was a necessary party to this action, and that the failure to join the estate warranted vacatur of the order of reference and the judgment of foreclosure and sale and dismissal of the complaint insofar as asserted against Gaines (see Deutsche Bank Natl. Trust Co. v Pagan, 183 AD3d 801, 802). Pursuant to RPAPL 1311(1), "necessary defendants" in a mortgage foreclosure action include, among others, "[e]very person having an estate or interest in possession, or otherwise, in the property as tenant in fee, for life, by the curtesy, or for years, and every person entitled to the reversion, remainder, or inheritance of the real property, or of any interest therein or undivided share thereof, after the determination of a particular estate therein." Under the circumstances of this case, the estate was not a necessary party to this mortgage foreclosure action. "Generally, title to real property devised under the will of a decedent vests in the beneficiary at the moment of the testator's death and not at the time of probate" (Matter of Raccioppi, 128 AD3d 838, 840 [internal quotation marks omitted]).
Accordingly, the Supreme Court should have denied Gaines's motion.
RIVERA, J.P., AUSTIN, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court