Bank of N.Y. Mellon v Rose (2022 NY Slip Op 06457)

Bank of N.Y. Mellon v Rose

2022 NY Slip Op 06457

Decided on November 16, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
DEBORAH A. DOWLING, JJ.

2019-09051
 (Index No. 63161/15)

[*1]Bank of New York Mellon, etc., respondent,
v
Anthony Rose, etc., et al., appellants, et al., defendants.

Pascazi Law Offices PLLC, Fishkill, NY (Michael S. Pascazi of counsel), for appellants.
Gross Polowy, LLC, Williamsville, NY (Stephen J. Vargas of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to foreclose a mortgage, the defendants Anthony Rose and Robert Rose appeal from an order of the Supreme Court, Westchester County (Lawrence H. Ecker, J.), dated June 17, 2019. The order, insofar as appealed from, denied the cross motion of the defendant Anthony Rose pursuant to CPLR 3211(a)(10) to dismiss the complaint insofar as asserted against him for failure to join a necessary party and denied that branch of the motion of the defendants Anthony Rose and Robert Rose which was pursuant to 22 NYCRR 130-1.1 to impose sanctions against the plaintiff or the plaintiff's counsel and the referee.
ORDERED that the appeal by the defendant Robert Rose from so much of the order as denied the cross motion of the defendant Anthony Rose pursuant to CPLR 3211(a)(10) to dismiss the complaint insofar as asserted against him for failure to join a necessary party is dismissed, as the defendant Robert Rose is not aggrieved by that portion of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157); and it is further,
ORDERED that the order is affirmed insofar as appealed from by the defendant Anthony Rose and insofar as reviewed on the appeal by the defendant Robert Rose; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
Ann Rose was the owner of the subject property when she died in 2003. Her will bequeathed the subject property equally to her sons, the defendants Anthony Rose and Robert Rose (hereinafter together the defendants), and named the defendants as the co-executors of her estate (hereinafter the estate).
In August 2015, the plaintiff commenced this action against, among others, the defendants, in their individual capacities, to foreclose a mortgage encumbering the subject property. The estate was not named as a defendant. The Supreme Court issued an order and judgment of foreclosure and sale on June 2, 2017. The action was automatically stayed when Robert Rose filed a bankruptcy petition on July 25, 2017 (see Wells Fargo Bank, N.A. v Malik, 203 AD3d 1110, 1112).
After the stay was lifted on February 4, 2019, the plaintiff moved to extend the time [*2]to conduct the referee's sale of the subject property. Anthony Rose cross-moved pursuant to CPLR 3211(a)(10) to dismiss the complaint insofar as asserted against him for failure to join the estate as a necessary party. In addition, the defendants moved, inter alia, pursuant to 22 NYCRR 130-1.1 to impose sanctions against the plaintiff or the plaintiff's counsel and the referee who was appointed to conduct the sale of the subject property. In an order dated June 17, 2019, the Supreme Court, among other things, denied Anthony Rose's cross motion and that branch the defendants' motion. The defendants appeal.
The Supreme Court properly denied Anthony Rose's cross motion pursuant to CPLR 3211(a)(10) to dismiss the complaint insofar as asserted against him for failure to join the estate as a necessary party. Pursuant to RPAPL 1311(1), "necessary defendants" in a mortgage foreclosure action include, among others, "[e]very person having an estate or interest in possession, or otherwise, in the property as tenant in fee, for life, by the curtesy, or for years, and every person entitled to the reversion, remainder, or inheritance of the real property, or of any interest therein or undivided share thereof, after the determination of a particular estate therein." Under the instant circumstances, the estate was not a necessary party to this mortgage foreclosure action, since, "'[g]enerally, title to real property devised under the will of a decedent vests in the beneficiary at the moment of the testator's death and not at the time of probate'" (US Bank Trust, N.A. v Gaines, 189 AD3d 1312, 1313, quoting Matter of Raccioppi, 128 AD3d 838, 840).
The defendants' remaining contentions are without merit.
BARROS, J.P., RIVERA, CHAMBERS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court