Matter of Pisarik (Roma) (2024 NY Slip Op 50363(U))

[*1]

Matter of Pisarik (Roma)

2024 NY Slip Op 50363(U)

Decided on April 1, 2024

Surrogate's Court, Queens County

Kelly, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 1, 2024
Surrogate's Court, Queens County

In the Matter of the Petition of Ramona Taveras Pisarik as Executor of the Estate of Michael Roma, a/k/a Michael A. Roma, Deceased, For the Ejectment of Maria Castillo, Santo Castillo, Nathaniel Castillo and Randy Castillo from the real property known as 100-17 39th Avenue, Corona, New York for the purpose of the sale of such real property and distribution of the proceeds to beneficiaries of the Last Will and Testament of decedent.

File No. 2022-5259/A

Petitioner's Attorney
David S. Shor, Esq.
Salem, Shor & Saperstein, LLP 
3000 Marcus Avenue, Suite 1W6 
Lake Success, NY 11042516-472-7030 
Respondent's Attorney
Lalit K. Jain, Esq. 
61-22 Booth Street 
Rego Park, New York 11374
718-316-5921

Peter J. Kelly, S.

This petition by the executor, Ramona, seeks a judgment of possession and warrant of ejectment for Maria, Santo and their children Nathaniel and Randy, who are occupying an apartment in the 2-family home located at 100-17 39th Avenue, Corona, New York ("Corona property"). The respondents have filed a motion seeking an order directing Ramona "to carry out the decedent's last wishes (Justice) and end carrying out their own first wishes (Injustice) as truth always triumphs."
Petitioner cross moves for summary judgment (CPLR 3212).
Decedent died testate on September 3, 2022. His last will and testament, dated February 29, 2016, was admitted to probate and letters testamentary issued to his niece Ramona on June [*2]30, 2023. Decedent bequeathed his real and personal property through the will's residuary as follows:
I give all the rest, residue and remainder of my property and estate, both real and personal, of whatever kind and wherever located . . ., to my niece, RAMONA TAVERAS PISARIK, now a resident of Stormville, New York, and my friends, MARIA CASTILLO and SANTO CASTILLO, now residents of Corona, New York, in equal shares.
It is undisputed that Maria and Santo had been living at the Corona property, a two-family home, for an extended time as decedent's tenants prior to his death, and that they continue to reside there. Petitioner, on the other hand, does not reside at this location and has admitted in court that she is not interested in either taking up residence at the property or remaining a co-owner with the respondents. Other than a modest amount of personal property, decedent's main asset was the real property.
The respondents' notice of motion fails to state any cognizable legal grounds for the relief requested (CPLR 2214) and it is not supported by pleadings, affidavits of the parties or relevant supporting papers, other than a copy of decedent's will. Further, the affirmation by counsel is largely incoherent, refers to irrelevant facts and issues, and, inexplicably, annexes a transcript of an unrelated Criminal Court proceeding dating back to 2013. Accordingly, the respondents' motion is denied.
Turning to petitioner's cross motion for summary judgment, this court has broad subject matter jurisdiction relating to the affairs of decedents and the administration of estates (NY Const., Art VI, §12; SCPA § 201 and § 202; Estate of Piccione, 57 NY2d 278 [1982]), which would include the determination of eviction or ejectment proceedings in the proper circumstances (In Re Goodwin, 50 Misc 3d 1221[A] at *5 [Sur Ct, Queens County]).
In this case, where the Corona property was not specifically devised by the will, title vested in the residuary beneficiaries as of the moment of decedent's death in 2022 (see Matter of Blango, 166 AD3d 767, 768 [2018]; Matter of Raccioppi, 128 AD3d 838, 840 [2d Dept 2015]). Although ejectment would undeniably be an available remedy to petitioner if respondents had no possessory rights in the Corona property, these respondents do have a right to possession since they became co-owners with petitioner upon decedent's death. However, title vested in Ramona, Maria and Santo subject to the duty of the executor, Ramona, to sell the property to satisfy debts and obligations of the estate (EPTL 11-1.1 [b][5]; see Matter of Katz, 55 AD3d 836 [2d Dept 2008]; 72634552 Corp. v Okon, 189 AD3d 1317, 1318 [2d Dept 2020]; Matter of Seviroli, 31 AD3d 452, 454-455 [2d Dept 2006]; DiSanto v Wellcraft Marine Corp., 149 AD2d 560, 562-563 [2d Dept 1989]).
All of decedent's personal and real property, including the Corona property, is chargeable with the payment of such debts, expenses and taxes for which the estate is liable (EPTL § 13-1.3). Further, circumstances sometimes dictate that ejectment of the occupants is necessary for a fiduciary to sell real property and realize a market price that satisfies the fiduciary's duty to beneficiaries.
Initially, the parties' procedural tact was to settle this matter and they entered into a stipulation providing that the Corona property be appraised; that Maria and Santo would endeavor to purchase petitioner's share, and that petitioner would provide documentation of alleged estate expenses. After several ensuing conferences, the respondents, through their counsel, ultimately tendered to petitioner a check for approximately $15,000.00 which they [*3]asserted would constitute payment in full for their share of administrative expenses. Petitioner, however, refused such tender alleging respondents owed, at a minimum, an additional $9,000.00. Unable to bridge their differences, both counsel then requested the court render a decision on their respective motions.
As the party seeking summary judgment, petitioner has the burden of establishing, by proof in admissible form, the prima facie entitlement to judgment as a matter of law (CPLR 3212 [b]; see Zuckerman v City of New York, 49 NY2d 557 [1980]; Bnh Milf v Milford St. Props., 192 AD3d 960, 962 [2d Dept 2021]; Matter of Eshaghian, 100 AD3d 751 [2d Dept 2012]).
Here, petitioner fails to submit an affidavit of fact or any documents in admissible form that establishes a precise amount of debts, expenses and taxes owed by decedent's estate. Other than counsel's affirmation, petitioner only provides a handwritten ledger summarizing claimed charges and attaches loose photocopies of various bills and receipts. Even if considered, the only legitimate estate administration charges appear to be a portion of the real property taxes, homeowners' insurance, National Grid and New York City DEP water costs. The remainder of the charges are questionable, and, from the court's best determination, a fair portion of them occurred after decedent's death while all parties were co-owners of the property.
Based upon the ownership interests of the parties, the insufficient proof in admissible form submitted by petitioner, as well as respondents' proof of payment of approximately $15,000.00 toward outstanding administration expenses, the court finds that petitioner has not satisfied her burden of establishing that the Corona property is subject to divestment by the executor at this time (see EPTL 11-1.1 [b][5][B] and EPTL13-1.3).
The court notes that this proceeding has the contours of a dispute between living parties since all interested individuals are currently co-owners. As described to the court by the parties and their counsel, the root cause for the dispute is twofold. First, there is petitioner's admitted and, quite frankly, understandable unwillingness to maintain a relationship as co-owner of the Corona property with the respondents. The second is respondents' inability or unwillingness to purchase petitioner's interest in the Corona property. Notably, respondents' counsel, even though touting his clients' willingness to pursue a buy-out, failed to provide proof to the court that his clients possessed available assets to effectuate such a solution.
In any event, there do not appear to be any estate assets or liabilities that are in continued need of administration. Accordingly, petitioner's motion for summary judgment is denied. Upon search of the record before the court, and in the absence of any triable issue of fact, summary judgment is granted to respondents dismissing this proceeding (CPLR § 3212 [b]) without prejudice to any party seeking partition of the Corona property in the Supreme Court.
This is the decision and order of this court.
Dated: April 1, 2024
ACTING SURROGATE