Nationstar Mtge., LLC v Nuzzo (2026 NY Slip Op 00138)

Nationstar Mtge., LLC v Nuzzo

2026 NY Slip Op 00138

Decided on January 14, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 14, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
WILLIAM G. FORD
PHILLIP HOM, JJ.

2024-01731
 (Index No. 602625/15)

[*1]Nationstar Mortgage, LLC, etc., respondent,
vTina Nuzzo, etc., appellant, et al., defendants.

Scheyer & Stern, LLC, Nesconset, NY (Fredrick P. Stern of counsel), for appellant.
LOGS Legal Group LLP, Rochester, NY (Virginia Grapensteter of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Tina Nuzzo appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Suffolk County (Thomas Whelan, J.), dated November 2, 2023. The order and judgment of foreclosure and sale, insofar as appealed from, granted those branches of the plaintiff's motion which were to confirm a referee's report and for a judgment of foreclosure and sale, denied the cross-motion of the defendant Tina Nuzzo to dismiss the complaint, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is affirmed insofar as appealed from, with costs.
Maria Algeria (hereinafter the decedent) was the sole owner of the subject property when she died in 2014. Her will bequeathed the property to the defendant Tina Nuzzo and named Nuzzo as the executor of the decedent's estate.
In March 2015, the plaintiff's predecessor in interest, Wells Fargo Bank, N.A. (hereinafter Wells Fargo), commenced this action against, among others, Nuzzo, "individually and as proposed Executor of the Estate of Maria Algeria," to foreclose a mortgage encumbering the property. Wells Fargo did not purport to name the decedent as a defendant in this action.
The plaintiff subsequently moved, inter alia, to confirm a referee's report and for a judgment of foreclosure and sale. Nuzzo cross-moved to dismiss the complaint. In an order and judgment of foreclosure and sale dated November 2, 2023, the Supreme Court, among other things, granted those branches of the plaintiff's motion, denied Nuzzo's cross-motion, confirmed the referee's report, and directed the sale of the property. Nuzzo appeals, contending that the court erred because the action purportedly was a nullity from its inception.
Nuzzo's contention is without merit. "Generally, title to real property devised under the will of a decedent vests in the beneficiary at the moment of the testator's death and not at the time of probate" (US Bank Trust, N.A. v Gaines, 189 AD3d 1312, 1313 [internal quotation marks omitted]; see Matter of Raccioppi, 128 AD3d 838, 840). As such, this action was properly [*2]commenced against Nuzzo in her individual capacity (see Bank of N.Y. Mellon v Rose, 210 AD3d 846, 847; US Bank Trust, N.A. v Gaines, 189 AD3d at 1313). Moreover, as no deficiency judgment was sought, the decedent's estate was not a necessary party (see Citimortgage, Inc. v Warsi, 212 AD3d 592, 594; Bank of N.Y. Mellon v Rose, 210 AD3d at 847). Accordingly, we affirm the order and judgment of foreclosure and sale insofar as appealed from.
CONNOLLY, J.P., WOOTEN, FORD and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court