## MCLP Asset Co., Inc., LLC v Hundley-Prince

2026 NY Slip Op 30100(U)

January 29, 2026

Supreme Court, Erie County

Docket Number: Index No. 815879-2023

Judge: Betty Calvo-Torres

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

STATE OF NEW YORK

SUPREME COURT: COUNTY OF ERIE

---

**MCLP ASSET COMPANY, INC., LLC,**

Plaintiff,

V.

**CAMILLE HUNDLEY-PRINCE, et al,**

Defendant.

---

**DECISION- Motion for Summary**

**Judgment and Appointment of**

**Referee to Compute**

Index No. 815879-2023

APPEARANCES:

SEAN MONAHAN, Esq.
Appearing for the Plaintiff

ARNOLD GRAYSON, Pro Se
Appearing for the Defendant

**Calvo-Torres, A.S.C.J.**

The plaintiff brings a Motion for Summary Judgment and Appointment of Referee to Compute. The defendant Arnold Grayson opposes this motion and cross moves to stay the proceedings. The Court makes its findings after considering the plaintiff's Affirmation in Support of Motion for Summary Judgment dated November 17, 2025, the defendant Arnold Grayson's Affirmation in Opposition to Plaintiffs Motion and in Support of Defendants Cross Motion, dated December 13, 2025, and the Plaintiff's Affirmation in Opposition to Defendant's Cross Motion to Stay and in Further Support of Plaintiff's Motion for Summary Judgment, dated December 19, 2025.

<u>Deceased Party</u>

The defendant Arnold Grayson cross moves to stay this action pending the appointment of an administrator for the estate of defendant Lillian Hundley. He argues that the stay should be granted because the plaintiff's action is a nullity because defendant Lillian Hundley is deceased. This contention is misplaced. An action against a deceased defendant is a nullity only against that defendant, but not against other defendants, *HSBC Bank USA, N.A. v Scivolenti*, 212AD3d 600, *Wells Fargo Bank, N.A. v Dhanani*, 201 AD3d 1005. A foreclosure action may properly be commenced against the heirs of the deceased borrower, *Bank of New York Mellon v Rose*, 210 AD3d 846. Furthermore, the plaintiff has waived its claim of a deficiency judgment

1

[* 1]

against defendant Lillian Hundley and her estate. They are no longer parties to this action. For these reasons, the defendant Arnold Grayson's argument with respect to an improper defendant is without merit. Therefore, the defendant Arnold Grayson's cross motion for a stay of these proceedings is **DENIED**.

### Doctrine of Laches

The defendant Arnold Grayson further argues that the plaintiff's motion should be denied because it is barred by the doctrine of laches. He contends that the plaintiff's delay in responding to his motion has caused him prejudice and should be barred. The defendant Arnold Grayson contends that he has been prejudiced by impairing his ability to defend this action. The Court rejects this argument. The defendant Arnold Grayson has clearly had sufficient time to file his present motions and has not otherwise demonstrated that the delay has caused an inability to fully defend this action.

### Summary Judgment

The defendant Arnold Grayson contends that the motion for summary judgment should be denied because his defenses have raised triable issues of fact. However, the only affirmative defense he has raised is that the action is a nullity because the Complaint was defective in naming the deceased Lillian Hundley as a defendant, rather than the administrator of her estate. As discussed above, the Court disagrees with this argument. The Court finds that, while the plaintiff has met its burden of showing a prima facia case, the defendant Arnold Grayson has failed to raise a triable issue of fact, *Tri-State Loan Acquisition III, LLC v Litkowski*, 172 AD3d 780, *Deutsche Bank v Monica*, 131 AD3d 737. Accordingly, the plaintiff's Motion for Summary Judgment and Appointment of a Referee to Compute is **GRANTED**.

This constitutes the **DECISION** of the Court. A separate Order will be filed in accordance with this Decision.

Dated: January 24, 2026
        Buffalo, NY

**HON. BETTY CALVO-TORRES, A.S.C.J.**

2

[* 2]