| US Bank v Perry |
|:---:|
| 2026 NY Slip Op 30771(U) |
| February 27, 2026 |
| Supreme Court, Kings County |
| Docket Number: Index No. 523299/17 |
| Judge: Cenceria P. Edwards |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Term, Part FRP1, of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at 360 Adams Street, Brooklyn, New York, on the 27th day of February, 2026.

**P R E S E N T**:

HON. CENCERIA P EDWARDS,

                                Justice.

------------------------------------------------------------------------X

US BANK,

                                                Plaintiff,

        -against-                                                           Index No.: 523299/17

                                                                            Mot Seq. No.: 5

PAUL AARON PERRY et al,

                                                Defendant,

------------------------------------------------------------------------X

| **The following e-filed papers read herein**: | **NYSCEF Nos.**: |
|---|---|
| Notice of Motion/Order to Show Cause/ Petition/Cross Motion and Affidavits (Affirmations) Annexed | 122-131  133 |
| Opposing Affidavits (Affirmations) | 135-138 |
| Affidavits/ Affirmations in Reply | |

Upon the foregoing papers in this action to foreclose a mortgage encumbering the residential property located at 577 Franklin Avenue in Brooklyn (Block 1199, Lot 6), Defendant Paul Aaron Perry moves for dismissal of this action for lack of personal jurisdiction over him, because the mortgage is null and void, and/or due to prosecutorial delays. In the alternative, Perry seeks to vacate his default and leave to file a late answer. Plaintiff opposes.

*Background Facts and Procedural History*

Plaintiff commenced the instant foreclosure action against the known – including Defendant – and unknown heirs of the borrower, Minnie Perry, on December 4, 2017. All defendants defaulted in answering.

[* 1]

On August 3, 2018, Plaintiff filed a motion seeking to serve the unknown heirs by publication and for a guardian ad litem to be appointed to represent their interests. The motion was withdrawn several months later after Defendant was appointed administrator of Minnie Perry's estate.

On June 6, 2019, Plaintiff moved to name Defendant in his capacity as administrator and for leave to serve the unknown heirs of Mable Bowman (a prior deeded owner of the property) by publication and for a guardian ad litem to be appointed to represent their interests. Plaintiff withdrew the motion in February 2020, ostensibly as Defendant had been appointed as fiduciary for the estate.[1]

Plaintiff then moved for default judgment and an order of reference. Therein, it also sought to amend the caption to, among other things, drop the unknown heirs of Minnie Perry. This time Plaintiff did not seek to add the unknown heirs of Mable Bowman. No opposition was filed and the requested relief was granted by order dated January 12, 2023.

On August 17, 2023, Plaintiff moved to confirm the referee's report of the amount due and for judgment of foreclosure and sale. The motion was granted on default on September 28, 2023.

The Instant Motion

### Defendant's Moving Papers

An auction was scheduled for February 8, 2024. On that date, however, Defendant appeared through counsel and filed the instant motion by order to show cause which was signed by this Court. Interim relief was granted, forcing the cancellation of the sale.

Defendant argues that he was not properly served with the summons and complaint. While the affidavit of service states that he was served via a person of suitable age and discretion at 577 Franklin Avenue Apartment 3, Defendant claims to reside in Apartment 2.

---

[1] It appears that there was some confusion. Defendant is the administrator of Minnie Perry's estate. It is undisputed that no Surrogate's proceedings were commenced as to Mable Bowman's estate.

[* 2]

Defendant further asserts that the mortgage is null and void – the property was owned by Bowman who died. Her will left it to Minnie Perry. Though no probate proceeding was commenced, Minnie deeded the property to herself and took out the instant loan secured by the property. Defendant argues that she was not able to do so absent an order from the Surrogate's Court. As a result, he claims to have been unable to get a new loan to satisfy Plaintiff's lien. He further notes that a deed from another individual claiming to be an heir of Bowman to another third party was uploaded to Acris in 2019.

Noting that Plaintiff filed this action in 2017 but failed to move for default judgment until 2021, Defendant argues that this action should be dismissed pursuant to CPLR 3215[c]. In the alternative, he argues that Plaintiff has been generally dilatory in the prosecution of this action to his detriment as the amount owed continues to grow – and, as such, the action should be dismissed and the mortgage discharged.

Finally, Defendant argues that, were this case to not be dismissed, he should be allowed to file a late answer as he has a reasonable excuse for his default and a potentially meritorious defense.

<u>Plaintiff's Opposition</u>

Plaintiff asserts that it was not served with the order to show cause as specified within the order and, as such, the Court lacks jurisdiction to hear Defendant's motion. Even were the Court to reach the merits, Plaintiff argues, Defendant fails to rebut the affidavit of service – merely offering an unsubstantiated denial that lives in Apartment 3. Further, Plaintiff posits that under New York law title to real property devised under a will vests in the beneficiary automatically and immediately upon the testator's death – and, thus, Minnie Perry owned the property at the time she entered into the mortgage. Plaintiff further asserts that it timely took actions toward seeking a judgment and has not delayed unreasonably in prosecution. Finally, Plaintiff argues that Defendant has set forth neither a reasonable excuse for his default nor a potentially meritorious defense to the action.

*Analysis*

[* 3]

The method of service provided for in an order to show cause must be strictly complied with as it is jurisdictional in nature (*Khan v Khan,* 197 AD3d 1164, 1165 [2d Dept 2021]). Here, the movant was directed to serve a copy of the papers upon Plaintiff's attorneys by "NYSCEF AND EMAIL BY 1:00 PM." There is no evidence that they did so. As such, this Court lacks jurisdiction to consider the motion.

Were this Court to reach the merits, the outcome would be no different. Defendant fails to substantiate his claim that he lived in a different apartment with any admissible evidence. As such, he has not rebutted the affidavit of service (*US Bank v Cherubin*, 141 AD3d 514 [2d Dept 2016]). Plaintiff is correct that "title to real property devised under the will of a decedent vests in the beneficiary at the moment of the testator's death and not at the time of probate" (*BNY Mellon v Rose,* 210 AD3d 846, 847 [2d Dept 2022] [citations omitted]) and, thus, that Minnie Perry was able to mortgage the property. Plaintiff attempted to advance this action in a timely manner but was slightly thwarted by Surrogate's issues and the COVID-related shut down of the Courts. Finally, Defendant has not shown a reasonable excuse for his default or a potentially meritorious defense to this action.

### *Conclusion*

Accordingly, it is

**ORDERED** that Defendant's motion to vacate and dismiss (mot. seq. #**5**), is denied in its entirety.

This constitutes the decision and order of the Court.

**ENTER**:

_____

**Hon. Cenceria P. Edwards, J.S.C., CPA**

[* 4]